### CUNNINGHAM v. ERIE R. CO.

(Supreme Court, Appellate Division, Third Department. March 9, 1910.)

1. RAILROADS (§ 347*)—INJURIES AT CROSSINGS—NEGLIGENCE OF DEFENDANT—
    EVIDENCE.
    In determining whether defendant railroad company was properly managing its engine at the time of an accident at a crossing, it was proper to consider the fact that the gates were not in use at the time.
    [Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1131; Dec. Dig. § 347.*]

2. RAILROADS (§ 351*)—INJURIES AT CROSSINGS—ACTION—INSTRUCTIONS.
    In an action for death of plaintiff's intestate at a railroad crossing, where it appeared that the gates at the crossing were operated only from 7 a. m. to 9 p. m. daily, that the accident occurred about midnight, and that intestate was familiar with the location, having passed the crossing frequently both before and after 9 p. m., it was error to charge that, if ordinary prudence required the operation of the gates at the time of the accident, the jury might consider that by not operating them the defendant was inviting travelers to go upon the track by reason of their being open, unless the intestate had either actual or implied notice that the gates were not used after 9 o'clock; but the court should have charged that the plaintiff's intestate had no right to rely on the fact that the gates were up as an invitation to cross.
    [Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1210; Dec. Dig. § 351.*]

3. NEGLIGENCE (§ 93*)—CONTRIBUTORY NEGLIGENCE—IMPUTED NEGLIGENCE.
    Where plaintiff's intestate, while riding with another, both parties being intoxicated, was killed at a railroad crossing, if the intestate knew or could have known, if sober, that the driver was in such a state as to be incapable of giving the attention to what he was doing which a man of prudence and reasonable intelligence would have given, the plaintiff cannot recover.
    [Ed. Note.—For other cases, see Negligence, Cent. Dig. § 147; Dec. Dig. § 93.*]

4. RAILROADS (§ 348*)—ACTIONS FOR INJURIES AT CROSSINGS—EVIDENCE—SUF-
    FICIENCY.
    In an action for death of plaintiff's intestate at a railroad crossing, evidence *held* insufficient to show the intestate free from negligence.
    [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1144–1149; Dec. Dig. § 348.*]

Appeal from Trial Term, Tioga County.

Action by John Cunningham, as administrator of Timothy Cunningham, deceased, against the Erie Railroad Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Reynolds, Stanchfield & Collin (Halsey Sayles, of counsel), for appellant.

Benjamin C. Mead, for respondent.

JOHN M. KELLOGG, J. This is a crossing case. The charge of the court permitted a recovery upon either of three grounds: (1) Failure to give proper signal or warning; (2) running the engine at a dangerous and unreasonable rate of speed; (3) failure to properly guard the crossing by use of the gates.

For some 15 years gates had been used at the crossing from 7 o'clock in the morning until 9 at night, and it does not appear that they had been used at any other times. The deceased had worked in the vicinity more or less for several years, and was familiar with the location, passing the crossing frequently before and after 9 o'clock at night. The accident took place about midnight, while the intestate and his companion, Coleman, were riding in a single buggy with one Gaige. Gaige was intoxicated at the time of the accident, and upon the evidence is fairly charged with contributory negligence. All had been drinking quite heavily, Coleman at least was noisy, and the intestate had fallen down in coming from the hotel to the wagon. As they approached near the crossing, quantities of broken stone were upon the road, which was undergoing reconstruction at the time, and their wagon made a great noise in passing over the stone at a gait from 10 to 12 miles an hour. Apparently none of them gave any particular attention or thought to the crossing, and perhaps were not able so to do.

We cannot assume that the intestate knew that gates were used at this crossing, and was ignorant of the fact that they were not used after 9 o'clock at night. He clearly had as much knowledge upon one subject as the other, and was evidently informed on both. Undoubtedly the jury had the right to take into consideration all the circumstances at the crossing in determining whether the defendant was properly managing its engine, and one circumstance was that gates were not in use at the time. If the intestate knew of the gates, and found them up during the hours when they would naturally be in use if a train was approaching, that fact might bear upon the question of his contributory negligence. But the charge permits a recovery solely because there were no gates at a time when the jury thought it would be prudent to have them, without regard to the finding of the jury upon the other questions. Houghkirk v. President, etc., D. & H. C. Co., 92 N. Y. 219, 44 Am. Rep. 370, and cases cited. It was error to charge that, if ordinary prudence required the operation of the gates at this hour, the jury might consider that by not operating them the defendant was inviting travelers to go upon the track by reason of their being opened, unless the intestate had either actual or implied notice that the gates were not used after 9 o'clock. This part of the charge permitted a recovery if the intestate was entirely ignorant as to whether gates had ever been maintained there or not. The

recovery was probably based upon a misconception of the real question. The defendant was entitled to the charge that upon the evidence the plaintiff's intestate had no right to rely at all upon the fact that the gates were up as an invitation to cross.

The evidence indicates that the conduct of the driver, rather than the negligence of the defendant, caused the injury. The intestate did nothing, and the court should have charged the defendant's request that if the intestate knew, or would have known if he had been sober, that Gaige was in such a state as to be incapable of giving the attention to what he was doing which a man of prudence and reasonable intelligence would have given, the plaintiff cannot recover.

The evidence does not establish the defendant's negligence, or the intestate's freedom from contributory negligence. The recovery is not sustained by the evidence.

The judgment and order should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.