## Wells v. Duncan Coal Company.

(Decided January 29, 1914.)

## Appeal from Muhlenberg Circuit Court.

1. Master and Servant—Independent Contractor—Where a contractor furnishes his own appliances and assistants and agrees to move a tank for a specified sum, and neither the contractor nor the manner or means of doing the work are subject to the control of the contractee, the relation of master and servant does not exist, and the contractor is an independent contractor.

2. Independent Contractor—Safe Place to Work—Duty of Contractee.—Ordinarily a contractee does not owe to an independent contractor the duty to use ordinary care to furnish him a reasonably safe place to work. This duty may arise where the owner of the premises fails to protect him from dangers of which he is aware, and concerning which the contractor has no notice, either actual or constructive.

3. Independent Contractor—Negligence of Contractee.—Where an independent contractor agrees to move a tank, and the contractee agrees to remove all pipes attached to the tank, and clear the tank, the contractee is not liable for an injury to the contractor caused by a falling standpipe not attached to the tank, and which he failed to remove.

4. Independent Contractor—Personal Injury—Contributory Negligence.—An independent contractor employed to remove a tank near which is an upright standpipe with an arm projecting over the tank, is charged with notice of the presence of the standpipe, and with the fact that the tank, if hoisted, would come in contact with it and cannot recover for injuries thereby occasioned.

WILLIS & MEREDITH for appellant.

YOST & LAFFOON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In this action for damages for personal injuries by plaintiff, John M. Wells, against defendant, W. G. Duncan Coal Company, the trial court gave a peremptory instruction in favor of defendant. Judgment was entered accordingly, and plaintiff appeals.

The facts are these: Plaintiff was an experienced house mover. He contracted with defendant to move a water tank. The tank, which was ten or twelve feet high, rested on a platform about twelve feet from the ground. There were certain pipes attached to the tank, which defendant agreed to and did remove. Plaintiff was to build the necessary cribbing, furnish his own assistants and appliances, and do the work for $15. After completing the cribbing he was informed by one of defendant's officers that the tank was in the clear. He and his assistant began to jack up the tank for the purpose of putting rollers under it. Running by the side of the tank was a standpipe with an arm which projected over the tank. This pipe was not attached to the tank in any way. When defendant and his assistant began to place the rollers under the tank at a point near the standpipe, the top of the tank came in contact with the projecting arm. Plaintiff, hearing the noise, looked up, when a piece of the pipe fell and struck him in the face. Plaintiff saw the standpipe, but did not look up to see if the tank when hoisted would come in contact with it. He

claims he did not look up because he relied on defendant's agents removing the standpipe.

Plaintiff insists that he was entitled to go to the jury because of the defendant's failure to use ordinary care to furnish him a reasonably safe place to work, and on the further ground that defendant was negligent in not removing the standpipe so that the tank would not come in contact with it.

The relation of master and servant did not exist between plaintiff and defendant. Plaintiff agreed for a certain price to accomplish a specified result. In accomplishing this result he selected his own appliances, and employed his own assistants. As to the manner and means employed in doing the work he was not subject to the control or direction of the master. That being true, he was an independent contractor. Robinson v. Webb, 11 Bush, 464; Mason & Hoge Co. v. Highland, 116 S. W., 320.

Ordinarily a contractee does not owe to a contractor or his servants the duty to furnish them a reasonably safe place to work. 26 Cyc., 1568; Reilly v. Chicago, etc., R. Co., 122 Iowa, 525; Callan v. Pugh, 54 N. Y., App. Div., 545, 66 N. Y. Supp., 1118. But the owner of the premises may be liable under the particular circumstances where a duty devolving upon him is not fulfilled. He should exercise a reasonable care to protect an independent contractor and his servants from dangers arising from the condition of the premises, concerning which he is aware, and concerning which they have neither actual nor constructive notice. Stevens v. United Gas & Electric Co., 73 N. H., 159, 60 Atl., 848, 70 L. R. A., 119. The facts of this case do not bring it within any of these exceptions to the general rule. Plaintiff was not injured because of any latent or concealed danger. Nor was he injured because of any failure on the part of the defendant to perform this part of the contract. Fairly construed, plaintiff's evidence is to the effect that defendant agreed to remove the pipes that were attached to the tank, and clear the tank. This defendant did. The standpipe was not attached to the tank. Furthermore, plaintiff admits that he saw the standpipe, but did not look up to see if the tank would come in contact with it. As the standpipe was right before his eyes, and as he admits having seen it, the slightest care on his part

would have revealed the fact that the tank would come in contact with it if hoisted a sufficient distance. Under these circumstances, he must be charged with notice of the presence of the standpipe and of the consequent danger therefrom. His injuries, therefore, were the result of his own negligence. It follows that the trial court properly directed a verdict in favor of the defendant.

Judgment affirmed.