[Civ. No. 5319. Third Appellate District.—April 22, 1935.]

JULIE SCHNEIDER, Appellant, v. NETTIE BRECHT et al., Respondents.

John M. Welsh and Butler, Van Dyke & Harris for Appellant.

Albert E. Sheets and Norris J. Burke, as *Amici Curiae* on Behalf of Appellant.

Inman & West for Respondents.

PLUMMER, J.—The plaintiff in this action was injured while riding as a guest in an automobile driven by the defendant Nettie Brecht. The action was based upon a collision which took place between the automobile driven by the defendant Nettie Brecht, and one driven by F. N. McCuen. The complaint alleges wilful misconduct on the part of Nettie Brecht. For convenience, we will refer to Nettie Brecht as the defendant, and whenever that word is used in this opinion, it refers to Nettie Brecht alone.

The cause is before us upon the judgment roll, but the findings of fact show that the plaintiff and the defendant, prior to the collision mentioned in the complaint and referred to in the findings had been engaged in a drinking carousal to a considerable extent; had been going from place to place participating in the obtaining drinks of different kinds of liquor, and of different quality also; that the drinking was all in the presence of both the plaintiff and the defendant, and appears to have been with the consent and for the purpose of having somewhat of a "free-and-

easy'' afternoon on the part of both the plaintiff and the defendant.

At the conclusion of the testimony the court, after finding the defendant guilty of misconduct, found the following, to wit:

## "V.

"The court further finds that the following facts are true and that the same appear from the evidence introduced on behalf of plaintiff, and as a part of her case, to-wit: That on the day of the accident, and during a period of some hours prior to the time of the accident, plaintiff and defendant had been drinking alcoholic liquors together; that during said period said defendant had driven her automobile to several places, including a 'boot-leg joint', at all of which places intoxicating liquor was consumed by plaintiff and defendant, all the drinking of each of them having been done in the presence of the other. That the last stop which was made on said date prior to the accident was at a place referred to in the testimony as the firehouse; that while at said last mentioned place the said parties each had another drink of whiskey; that at said time and place the parties alighted from said automobile and entered said place, and remained there for sometime; that as stated, while at said last mentioned place each of said parties finished their drinking by each consuming a glass of whiskey; that defendant was then and there under the influence of intoxicating liquor to such an extent as to prevent her from exercising the care and caution in the operation of her said automobile which she, as a sober and ordinary prudent person would have exercised under the same or similar circumstances, and the alcoholic liquor which she had been drinking had then and there so far affected her nervous system, brain and muscles as to impair, to an appreciable degree, her ability to operate said vehicle in the manner that she, as an ordinary prudent and cautious person in the full possession of her faculties, would have operated and driven the same had she not been so under the influence of intoxicating liquors; that plaintiff was then and there fully aware of said intoxicated condition of defendant, and knew the extent of her said intoxication, as above set forth, and then and there knew that if she entered said automobile while the said defendant was in such intoxicated condition, with the defendant operating the

same, she would be guilty of negligence and carelessness in so doing, and then knew that in such intoxicated condition defendant would not listen to, or heed any request plaintiff might thereafter make; that notwithstanding said knowledge on said plaintiff's part, she did so enter said automobile, and said defendant proceeded to drive and operate the same in said intoxicated condition; that shortly after reaching Franklin Boulevard, and while in said intoxicated condition, the said defendant engaged in a race with another certain automobile along Franklin Boulevard in a northerly direction from 23rd Avenue to Fifth Avenue and along Fifth Avenue to the intersection of 32nd Street, at all times operating her said automobile at an excessive rate of speed; that Franklin Boulevard at said time and place was heavily congested with vehicular traffic in each direction; that while so racing at such excessive rate of speed in said heavily congested vehicular traffic, defendant Nettie Brecht caused her said automobile to swerve from side to side across Franklin Boulevard in an effort to cut in and pass sundry and numerous automobiles; that plaintiff protested to defendant Nettie Brecht against the aforesaid actions of said defendant and asked that defendant Nettie Brecht stop said automobile; that defendant Nettie Brecht, on Fifth Avenue from Franklin Boulevard to 32nd Street, did drive her said automobile at an excessive rate of speed and did drive it in such a manner at to cause it to swerve from one side of the street to the other, and at the intersection of 32nd Street, wilfully and unlawfully, and knowing that the result would probably be to collide with the automobile then being driven by F. N. McCuen, tried to cut in ahead of said F. N. McCuen, who was driving an automobile in a southerly direction on 32nd Street, thereby causing the automobile of said F. N. McCuen to then and there collide with defendant's said automobile.

"That at the time and place of the accident said defendant was then and there under the influence of intoxicating liquor to such an extent as to prevent her from exercising the care and caution in the operation of her said automobile which she, as a sober and ordinarily prudent person would have exercised under the same or similar circumstances, and the alcoholic liquor which she had been drinking had then and there so far affected her nervous system, brain and

muscles as to impair, to an appreciable degree, her ability to operate said vehicle in the manner that she, as an ordinarily prudent and cautious person in the full possession of her faculties would have operated and driven the same had she not been so under the influence of intoxicating liquors;

"That the intoxication of the defendant was the proximate cause of the accident;

"The court further finds that the injuries of plaintiff resulting from said accident were proximately caused by her own carelessness and negligence in so entering the said automobile with knowledge then and there of the facts hereinbefore found."

This finding is to the effect that the intoxication of the defendant was the proximate cause of the collision. Judgment was entered that the plaintiff take nothing by reason of her action. From the judgment so entered this appeal is prosecuted, the appellant relying solely upon the allegation and finding of wilful misconduct.

This presents for our consideration a portion of section 141¾ of the California Vehicle Act, which reads as follows:

"Nothing in this section contained shall be construed as relieving the owner or driver, or person responsible for the operation of a vehicle, from liability for injury to, or death of such guest proximately resulting from the intoxication or wilful misconduct of such owner, driver, or person responsible for the operation of such vehicle," etc.

The action before us is an outgrowth of the collision and attendant circumstances once considered by this court in the case of *Tracy* v. *Brecht*, 3 Cal. App. (2d) 105 [39 Pac. (2d) 498], where the finding of the court as to intoxication is the same as the finding of the court in the instant case. In the Tracy case, however, the allegation in the complaint of wilful misconduct was withdrawn.

Again, upon the part of the appellant it is contended that the finding of wilful misconduct governs, and that any negligence on the part of the plaintiff cannot be considered as a contributing cause to her injury.

While it is true, generally speaking, that ordinary negligence on the part of a plaintiff is not a defense upon which a defendant may rely when the complaint is based upon a charge of wilful misconduct, this overlooks a principle which we think must be considered, to wit: That where

the negligence of the plaintiff is of such a character that it contributes to, and really becomes a part of, and the inducing cause of the defendant's wilful misconduct, no recovery can be or should be had. In this, as in every case involving the responsibility of the driver of an automobile for an injury to a guest, the intent of the legislature must be inquired into and determined in order to ascertain whether liability attaches to the driver.

A portion of the section, *supra,* which we have quoted makes a driver liable for an injury proximately resulting from intoxication or wilful misconduct. While the words "intoxication" and "wilful misconduct" are used in the same sentence, and appear to be conjoined, we think that the intent of the legislature was that the wilful misconduct should be something different and apart from the acts and conduct of one whose reckless driving is superinduced by intoxication, that is to say, if the acts of the driver which would be classed as wilful misconduct if not laboring under the influence of intoxicating liquor, when induced and brought about by the use of intoxicating liquor, then and in that case the action is to be regarded solely as the result of drunken driving or driving while one is under the influence of intoxicating liquor, and though the acts apparently are wilful, intentional and reckless, yet if, as found by the court, they proximately resulted from the use of intoxicating liquor, and the circumstances of the case show that the guest was a participant in the drunken orgy in all the acts and events which led up to the intoxicated condition, recovery cannot be had, for the simple reason that both parties are equally culpable. If the acts and conduct of an intoxicated person can be separated from the condition of the person, and those acts set out and made the basis of an action sounding in wilful misconduct, then and in that case the plaintiff is entirely relieved from any liability or responsibility on account of riding with a drunken driver, and the section of the code, by such construction, would be rendered absolutely nugatory. It cannot be that the legislature intended that the very acts upon which a court or jury might properly rely to establish the intoxicated condition of the driver, should relieve the plaintiff, knowing of that condition, from any charge of being equally guilty, and permit an action to be founded upon such acts, by naming the acts "wilful mis-

conduct''. The very acts referred to in the findings of the court in this case have been held to be evidentiary facts upon which a finding of intoxication of the driver might be based.

In *Hasten* v. *State*, 35 Ariz. 427 [280 Pac. 670], it is said: "It is a notorious fact that one of the first things a driver under the influence of liquor is apt to do is to drive at a high rate of speed, especially when an advanced state of intoxication has not yet been reached. Such being the case, the speed at which appellant was driving was one of the circumstances which the jury might properly consider in determining whether he was under the influence of liquor at the time." (Citing a number of cases.)

In the instant case, just as in the Hasten case, *supra*, we may add that the term "intoxication" covers a wide degree of both physical and mental incapacity, and if it shows the ordinary voluntary free will and capacity of the driver has been lessened to an appreciable degree, and that the ordinary clearness and control of his thinking processes have been clouded so as to render him unable to appreciate, as a reasonable person, the care and caution that should be exercised by a driver of an automobile upon the highway, the finding of intoxication is amply supported.

Here, just as this court said in the case of *Jones* v. *Pacific Gas & Electric Co.*, 104 Cal. App. 47 [285 Pac. 709], the plaintiff, just as the plaintiff Jones, participated in the drunken orgy being engaged in by all of the parties. On page 57 of the case reported in 104 Cal. App., *supra*, we find the following:

"In *Schwartz* v. *Johnson*, 152 Tenn. 586 [47 A. L. R. 323, 280 S. W. 32], the supreme court of Tennessee, in passing upon the right of one to recover who voluntarily rides with an intoxicated driver, used the following language: 'When one gets into an automobile which is to be operated by a drunken driver through the traffic of a populous city, such person takes his life in his hands. All the authorities are to the effect that such contributory negligence prevents a recovery by one taking such a chance, if he is injured as a result of the driver's negligence.' (Citing *Lynn* v. *Goodwin*, 170 Cal. 112 [L. R. A. 1915E, 588, 148 Pac. 927]; *Jensen* v. *Chicago etc. Ry. Co.*, 133 Wash. 208 [288 Pac. 635]), *supra*; *Winston's Admr.* v. *City of Henderson*, 179 Ky. 220

[L. R. A. 1918C, 646, 200 S. W. 330]; *Kirmse* v. *Chicago etc. Co.,* 73 Ind. App. 537 [127 N. E. 837]; *Cunningham* v. *Erie Ry. Co.,* 137 App. Div. 506 [121 N. Y. Supp. 706].) In *Lynn* v. *Goodwin,* [170 Cal. 112 (147 Pac. 827, L. R. A. 1915E, 588)], *supra,* cited in the Schwartz case, the following language is used: 'While it is true that in general the negligence of a driver of a vehicle is not imputable to a passenger so as to bar that passenger's right of recovery' (citing cases) 'yet the conduct of the plaintiff in riding, and in continuing to ride in an automobile when he must have known that the driver was intoxicated, establishes negligence independent of the driver's negligence, barring the right of recovery.' "

In *Tracy* v. *Brecht, supra,* it is held that all the acts and circumstances in which the parties participated relative to drinking might be considered in determining the question of intoxication.

In the instant case the court has found, just as appeared in the Jones case, *supra,* that the plaintiff had every reason to know the condition of the defendant as the driver of the automobile, and also is chargeable with the knowledge of the fact that in entering the automobile and going with the defendant from place to place and participating in drinks, the plaintiff was doing and assisting the defendant in becoming liable to prosecution under section 112 of the California Vehicle Act. Again, we repeat, under such circumstances to uphold appellant's contention would be a complete nullification of the act of the legislature as embodied in section 141¾, *supra,* relative to riding with an intoxicated driver.

If we accept the ordinary definition of the word "wilful" as found in 68 C. J., page 267, the plaintiff herself was guilty of wilful misconduct, for the reason that all of her acts which led up to the intoxicated condition of the defendant were taken knowingly and intentionally, and in face of the penal statute making her companion liable to criminal prosecution for driving an automobile while under the influence of intoxicating liquor.

The principle of law enunciated in the case of *Hinkle* v. *Minneapolis A. & C. Range Ry. Co.,* 162 Minn. 112 [202 N. W. 340, 41 A. L. R. 1377], we think is applicable here, even though it be held that the defendant was guilty of

wilful misconduct. We quote from the opinion in that case as follows:

"When a defendant is charged with ordinary negligence, contributory negligence is a good defense. Why? The answer is founded in proximate cause. In the absence of the doctrine of comparative negligence they are equally to blame. When two persons are equally at fault in producing the injury, the law leaves them where it finds them. Contributory negligence is not a defense to wanton and wilful negligence, for the very simple reason that the parties are not equally delinquent in the violation of duty. In such case the negligence of the defendant is the proximate cause of plaintiff's injury while his negligence is no more than a remote cause. The theory of these variations of negligence leads to but one logical conclusion, and that is that the same basic reason which causes contributory negligence to prevent a recovery in an action sounding in ordinary negligence also prevents a recovery by one who is guilty of wilful and wanton negligence. Such negligence is just as efficient to offset the defendant's neligence of the same character as contributory negligence offsets ordinary negligence. There can be no more comparative wantonness than there can be comparative negligence. When both parties are guilty of such negligence neither can be selected as that which is the proximate cause, and hence the law must leave both where it finds them. The conclusion is inevitable, even though its application be fraught with difficulties." (Citing cases.) See, 42 C. J., page 893, where it is said: "Wilfulness, which proximately contributes to causing a collision between motor vehicles, precludes a recovery for injuries received in such collision, even though the operator of the other motor vehicle was also guilty of wilfulness."

The efficient cause in the instant case was intoxication, intoxication superinduced by the active participation of the plaintiff, and we find no line of demarkation separating the result from the cause, upon which the plaintiff can rely, and at the same time hold the defendant liable in damages.

The case cited by the appellant to the effect that ordinary negligence constitutes no defense to a charge of wilfulness or wantonness, we think inapplicable where the facts show that the plaintiff was guilty of every act complained of, as against the defendant, and participated in bringing

about the mental condition of the defendant which culminated in the collision.

While the instant case, in large measure, is one of first impression, and the question before us has not been definitely decided by courts of other jurisdictions (at least none have been called to our attention, and we have not discovered any), yet we think the language found in the case of *Spillers* v. *Griffin*, 109 S. C. 78 [95 S. E. 133, L. R. A. 1918D, 1193], supports the conclusion at which we have arrived, to wit:

"The presiding judge charged the law as to contributory negligence but refused to charge that contributory wilfulness was a defense to wilfulness. From this ruling, among others, the defendant appealed from the judgment against him. The respondent claims that there is no case in this state which allows such a defense, and only one case elsewhere, and that case sustains the ruling of the trial judge. The respondent claims that this court would have to make the law if it allowed such a defense to prevail. Of course the courts have no right to make the law. If there is no law to allow the defense of contributory wilfulness, so there is no law that allows a plaintiff to recover when he has himself contributed wilfully as a proximate cause to the injury. The plaintiff must show his right to recover in law and in fact. The courts, however, are not bound to find legislative authority or the authority of the other cases stating the same facts before they can declare the law in a new aggregation of facts. Law is a science, and it is the duty of the courts to apply well-recognized principles of law to new conditions."

That the plaintiff may have been, to a greater or less degree, intoxicated does not affect either her rights or relieve her from any responsibilities. (*Winston, Admr.*, v. *City of Henderson*, 179 Ky. 220 [200 S. W. 330, L. R. A. 1918C, 646].)

The judgment is affirmed.

Thompson, J., and Pullen, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 20, 1935.