# Gates v. Kuchle et al. (two cases).

Dec. 15, 1939.

14

E. H. Wilson and Joseph W. Cambron for appellants.

John G. Quin for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On the dates herein two of the appellees and defendants below, James A. Kuchle and Arnold G. Brinker, were partners engaged in operating a "curb service" gasoline station in the city of Erlanger, in Kenton County, Kentucky. Their service tanks were located upon their premises near the edge of the sidewalk, or on the edge of it, thus requiring a vehicle served by them to remain in the street next to the curb, while the service was performed by means of a hose running from their tanks to the tank of the vehicle. At about 10 P. M. on July 3, 1937, the two appellants and plaintiffs below in the cases stated in the caption (husband and wife) were traveling on the highway passing in front of defendants' place of business, and they stopped at the curb in front thereof to be served with gasoline for the automobile in which they were traveling. While they were being waited on another defendant, Rudolph Hubbard—traveling on the highway in the same direction as were plaintiffs—approached from the rear of their automobile at a great and reckless speed and collided his vehicle with theirs, producing personal injuries to each of the plaintiffs and inflicting great damages to their vehicle. Later each plaintiff filed separate individual actions against Kuchle, Brinker and Hubbard, seeking to recover damages sustained by them, which they averred was negligently produced by defendants—the husband seeking judgment for $36,210, and the wife to the extent of $7,500. The negligence alleged against Hubbard consisted of his reckless driving on the highway without exercising the necessary care for the protection of other rightful travelers on it; whilst the derelictions of the other two defendants was thus stated: "Plaintiff states

that the defendants, Joseph A. Kuchle and Arnold G. Brinker, their agents, servants and employees, in so maintaining and operating said filling station and gasoline pumps so as to cause the plaintiff to stop his said automobile on the said highway and street and so expose him to the perils and dangers of other traffic traveling on said thoroughfare and street, knew, and by the exercise of ordinary care, could have known, that they were so causing him to be exposed to the dangers and perils of other traffic on the thoroughfare and street, in so doing, negligently did fail in their duty to provide for him a safe place at which to carry on their business with him; that the defendants, Joseph A. Kuchle and Arnold G. Brinker, their servants and employees in so directing him to stop at said place negligently and carelessly did fail to warn him of the dangers and perils to which he was exposed by virtue of their invitation to him to stop and transact business with them, and did so fail to provide a safe place at which to transact business with them.''

Hubbard was never served with process, and the case against him was later dismissed. The other two defendants demurred to the petitions, which the court sustained, and plaintiffs declining to plead further their petitions were dismissed, to reverse which they prosecute these separate appeals, which are heard together and will be disposed of in one opinion.

There has been no negligence on the part of counsel for plaintiffs in presenting their clients' cause in this court, since they urge in their briefs practically every principle and doctrine applicable to the law of negligence arising in practically every relationship of society, including landlord and tenant, maintenance of a nuisance, invitors and invitees, private users of public highways, master and servant and others to the full extent of the catalogue. They, therefore, invoke, urge and rely on the doctrines and principles applicable to such relationships, including those of res ipsa loquitur, attractive nuisance, the last clear chance, proximate cause, assurance of safety, duty to warn and others to the extent of that catalogue except the word ''nuisance'' was not expressly employed in the petitions, and because of which counsel in their brief request that ''If this Honorable Court thinks that a nuisance should be pleaded, we ask that the Court return the case to the Kenton circuit court with leave by Court to amend our petitions and to

plead a nuisance," although the presentation of their clients' cause, as based upon the maintenance of a nuisance, is, nevertheless strongly urged by counsel. To undertake to answer in detail the multiplied contentions made in briefs by counsel for appellants would extend this opinion far beyond due limits, with the greater part of our labor devoted to the discussion of immaterial and irrelevant matters, and for which reasons we will not undertake that task, except to the limited extent necessary to dispose of the major contentions made against the propriety of the judgments and which we deem the only ones even remotely involved under the facts alleged in the petitions. They are: (1) The contention that the defendants by so operating their gasoline station appropriated a part of the street in serving their customers and thereby made it a part of their premises thus requiring the exercise of the requisite care to maintain the place in the streets, so appropriated, reasonably safe for those whom they invited thereon; (2) that the supposed negligence of defendants, as averred in the petitions, was the proximate cause of plaintiffs' injuries, and (3) that plaintiffs as such invitees (if they were such) were not guilty of contributory negligence, nor did they assume the risk of the danger which later overtook them. They will be briefly noticed in the order named.

1. The only type of cases which counsel cite in an effort to sustain contention (1) are, (a) those relating to the duties of the operators of a business, to which customers are impliedly invited, to maintain their premises reasonably safe and free from danger to such invitees; and (b) cases where injuries are sustained by users of public highways through obstructions created thereon by the defendant without right, or in a dangerous manner. In making those arguments counsel strongly urge that the instant cases are embraced by and come within one or the other or, perhaps, both of those lines of cases, and which they most sanguinely present with numerous fortifying adjudications.

It is clearly apparent, as we conclude, that the established rule approved by cases in classification (a) are confined to premises under the management and control of the defendant in cases imposing the duties of such owners, controllers and inviters to their invitees. Defendants who operated the gasoline station in this case, although their customers may have been required to remain in the streets while patronizing defendants and re-

ceiving the service requested of them, yet defendants had no. control over or superintendency of the street where plaintiffs' automobile was so temporarily at rest. To hold otherwise and to make the adjacent owners liable for the unsafety (if unsafe) would broaden the duties in such cases of operators of business adjacent to the street to such an extent as to require them to forbid the parking of their customers' automobiles in the street immediately in front of their places of business. Differently stated, the rule contended for would make the businessmen adjacent to the street guarantors to their customers of the safety of the street or highway for parking purposes, and which is carrying the "safe premises" doctrine, so urged and relied on by counsel, far beyond the reason upon which it rests. No case or text is cited in support of the argument and we have been unable to find any, nor are we convinced that it should be approved as a correct deduction from the principle of law involved in the cases relied on.

But were it otherwise, and it should be held that the duty imposed upon defendants under the invoked principle of law extended to that portion of the street in front of their premises occupied by their patrons while being served, they would still not be liable to a customer who was equally aware of the dangerous condition through and by which he was later injured, and who, with such knowledge, assumed the risk, as was expressly held by us in the case of Bridgford v. Stewart Dry Goods Company, 191 Ky. 557, 231 S. W. 22, and which follows the universally adjudged rule governing the rights of parties similarly circumstanced. But this phase of the case will be again referred to in discussing contention (3) post.

Answering the argument of appellants' liability under cases forming classification (b) we deem it sufficient to say that no obstruction was placed by them in the street in front of their premises on account of which plaintiffs sustained their injuries; nor was any obstruction created therein, through any negligence on their part and because of which plaintiffs were injured. We, therefore, conclude that contention (1) is unsustainable.

2. In support of contention (2) a great number of domestic cases, as well as texts, are cited by counsel in an effort to define the almost undefinable doctrine of proximate cause. Of course, there is in every case where

the question arises two or more alleged negligent acts making it necessary for the court to determine which one or ones proximately produced the complained of injury. But there is no room for that question to arise in cases where there is only one act of negligence, since the only one liable in that case is the author of the single act of negligence involved. In this case it is not only indisputably but expressly averred by plaintiffs in their pleadings that the defendant, Hubbard, was most recklessly negligent in the operation of his automobile whereby he produced the rear end collision complained of. However, to frame the actions so as to raise the question of proximate cause counsel contend that the defendants as gas sellers, were also negligent by allowing, permitting or inviting customers (including plaintiffs) to stop in front of their premises while patronizing them, and which, if true, would make anyone who stopped an automobile traveling on the highway for a business purpose with occupants of abutting premises guilty of negligence and responsible for all injuries sustained through negligence of other travelers upon the highway, on the principle that the injured traveler was caused to stop on the highway at the behest of the defendant for the transaction of the latter's business. No principle of law may be invoked to fasten negligence on the part of appellants, save and except to assume that it was negligence per se for them to require their alleged invitees (plaintiffs) to stop their automobile on the highway in front of their premises. Hence, in order to give a guilty color to their act in doing so, and to classify it as a negligent one plaintiffs in their petitions charged that the highway where plaintiffs stopped was dangerous and exposed to the perils of other traffic "traveling on said thoroughfare and street," and that they (defendants) "negligently and carelessly failed to warn him (them) of the danger and perils" to which they were exposed "by virtue of their invitation," etc. Such allegations assume that it is dangerous per se to stop a vehicle at the curbing of a street or highway, even for a temporary purpose, because of the possibility of other travelers violating their duty and colliding with the stopped vehicle.

We are not prepared to agree with that assumption as applied to the facts of the instant cases. The danger of which plaintiffs claim the right to be warned was not only remote but could be anticipated as readily by plain-

tiffs as by defendants. The stop was made to subserve a purpose of both, and the one was as guilty of infraction of the law in doing so (if, indeed, one was committed) as much as the other. They were each equally capable of comprehending and anticipating the character of danger which followed. If, therefore, appellees committed no act of negligence in their participations in the transactions resulting in plaintiffs' injuries, and which we conclude is true, then there is no occasion in this case to discuss the question of proximate cause, since the pleadings show that Hubbard's negligence was the sole cause of plaintiffs' injuries, and was necessarily the proximate cause. Therefore, the usual difficulty in determining the proximate cause entailing liability for consequent injuries is eliminated from the case, thereby relieving us from the necessity of making such a determination. It will, therefore, not be undertaken.

3. We have already seen that the owners of premises are not liable to one injured thereon—though an invitee—if the latter was aware of the facts producing the danger and with such knowledge exposed himself to it, and but for such voluntary act on his part he would have sustained no loss. That principle was applied in the Bridgford case, supra, as well as in an unbroken line of other domestic and foreign cases, and it is likewise approved by all text writers, with possible qualifications under certain states of fact not appearing in this case, nor in those referred to. The only alleged danger to which plaintiffs were exposed when they stopped their automobile in front of defendants' place of business was not only remote, but it was necessarily as apparent to them as it was to defendants, and could be equally anticipated by both.

The street at that point was a rather broad one and all of the conditions remotely suggestive of danger was as open to plaintiff as it was to appellants, and which had the effect to relieve the latter of the duty to warn them. In the Bridgford case, supra, plaintiff saw the wet and slippery condition of the floor of the premises and with that knowledge she attempted to walk over it, and we held that she assumed the risk. The danger she encountered was no more apparent or glaring to her than were the conditions surrounding plaintiffs when they stopped their automobile at the place where it and they were later injured through the undisputed negligence of Hubbard. Assumed risk in such cases is closely

akin to, if not forming a part of, contributory negligence, and when the facts are such as to render one guilty of either, and which contributed to consequential injury, then the negligent defendant is excused from responsibility, unless there be some other qualifying fact in the case avoiding such effect. No such qualifying fact appears in this case, and it necessarily follows that it should be determined under the rule advanced in the Bridgford case, and others of the same tenor. We, therefore, conclude that, if for no other reason, the court was correct in sustaining a demurrer to the petition, which manifested all the facts necessary to create assumption of risk.

Before closing the opinion another argument put forward might be noticed, and which is, that the Highway Commission—or other authorities constructing, controlling and superintending the highway—should not permit a private enterprise to be conducted on the public highway, nor should it allow or permit anyone conducting a business in the manner defendants did theirs to constructively invite its patrons to obstruct the highway by stopping their vehicles thereon while being served with gas. Section 2739g-48 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes inhibits the stopping of an automobile on the highway, except for the discharge of passengers, or "which may be disabled while on such main travelled portion of the highway in such manner or to such an extent that it is impossible to avoid the occupancy of said main travelled portion or impractical to remove the same therefrom until repairs shall have been made or sufficient help obtained for its removal."

If that section embraces the stopping of plaintiffs' automobile at the place and in the circumstances outlined, then they were guilty of violating the statute, while defendants were not guilty, unless it could be said that they were aiders and abettors in the violation by constructively inviting plaintiffs to make the stop. We, however, venture no decision on such matters, since whatever may be the relative duties of those in charge of highways and streets in the respects indicated, the negligent failure to perform them has no bearing upon the issues involved in this case. The argument now under consideration is not only made by counsel, but they file with their brief a letter addressed to them from their masculine client in which he indulges in the same argument—and others equally as immaterial—and

which counsel adopt as a part of their argument by making the letter a part of their brief.

After patiently and carefully reading the more or less extensive briefs filed in behalf of appellants we have concluded that in no view of the case does the petition state a cause of action, and the court properly sustained defendants' demurrer filed thereto, and also properly dismissed their petitions upon their refusal to amend.

Wherefore, for the reasons stated, the judgment is affirmed.