**George C. ENTWISTLE, Appellant,**

v.

**CARRIER CONVEYOR CORPORATION, Appellee.**

Court of Appeals of Kentucky

Dec. 9, 1955.

the like along and through metal channels. One of these channels, 17½ inches wide, 5½ inches deep, and 10 feet long, was laid aside and set on edge on the floor along one side of the exhibition booth consisting in part of a curtain hung on a frame 3 or 4 feet high, separating it from the adjacent booth. This beam or channel extended into the aisle beyond the curtained wall and the carpet in the booth for perhaps a foot. The appellee engaged the services of a commercial photographing company to take pictures of its exhibit. An employee of that company, the appellant, George C. Entwistle, assisted in taking the pictures. His special duty was to prepare the booth to be photographed by tidying up the exhibit, straightening out literature on the table, picking up articles on the floor and the like. While he was so engaged, he started around the low side of the booth to reach a table in the back of the exhibit. As he went around the curtained wall he stumbled over the metal channel projecting into the aisle. The appellant testified that this projection "was covered with some kind of a blue jacket." He suffered a bad knee injury and sought damages for it.

After the evidence for both parties had been introduced, the court directed a verdict for the defendant on the view that the photographing company was an independent contractor, and the defendant corporation owed its employee no duty or obligation to provide him a safe place in which to work, citing as authority Hotel Operating Co. v. Saunders' Adm'r, 283 Ky. 345, 141 S.W.2d 260. The appellant submits that there was a duty on the part of the appellee which was violated and, in response to the appellee's argument, that the appellant could not be held guilty of contributory negligence as a matter of law.

We doubt the applicability of the Saunders case and others such as Wells v. W. G. Duncan Coal Co., 157 Ky. 196, 162 S.W. 821, which hold that a contractee in possession of premises does not owe a legal duty to provide a safe place in which to work for a contractor or his employee and is not responsible for injury sustained by him during the progress of the work contracted to

R. I. McIntosh, Woodward, Hobson & Fulton, Louisville, for appellant.

Thomas J. Wood, Stites, Wood, Helm & Taylor, Louisville, for appellee.

STANLEY, Commissioner.

The appellee, Carrier Conveyor Corporation, a Louisville manufacturer, in May, 1953, had an exhibit in Convention Hall in Philadelphia of a machine for conveying bulk materials such as sand, gravel, coal and

be done unless there is a dangerous condition hidden or not reasonably known to the contractor or his employee, or perhaps where the contractee undertakes to provide any of the instrumentalities to be used or reserves the authority to direct the performance of the contract in some related particular. King v. Creekmore, 117 Ky. 172, 77 S.W. 689; Owens v. Clary, 256 Ky. 44, 75 S.W.2d 536; Young's Adm'r v. Farmers & Depositors Bank, 267 Ky. 845, 103 S.W.2d 667; Arizona Binghampton Copper Co. v. Dickson, 22 Ariz. 163, 195 P. 538, 44 A.L.R. 881; 35 Am.Jur., Master and Servant, Sec. 159. None of these exclusions from duty appear in this case, and the cause of the injury was not related to the work contracted to be done. But we need not resolve the doubt or determine whether maintaining the condition was negligence on the part of the defendant for we are of opinion that the plaintiff, Entwistle, was guilty of contributory negligence as a matter of law.

The projecting metal channel or beam, 17½ inches high, was easily seen, especially so if it was covered with a blue cloth. Doubtless, Entwistle stumbled over it because his mind and eyes were centered on getting around the partition to straighten up the table to be photographed. But forgetfulness of a known danger or mental abstraction not due to the surrounding circumstances may in itself constitute contributory negligence. Vaughn v. Jones, Ky., 257 S.W.2d 583; 38 Am.Jur., Negligence, Sec. 187.

The plaintiff was a business invitee, but an invitee for a special business. Young's Adm'r v. Farmers & Depositors Bank, 267 Ky. 845, 103 S.W.2d 667; 65 C.J.S., Negligence, § 43(4) b. He was there for the purpose of doing a particular job, namely, to take a photograph of the exhibit and all that went with it. This piece of machinery was a part of the whole picture that was to be reproduced, although a small part of it projected beyond the booth. Aside from the very prominence of the obstacle, we think the photographer's helper was chargeable with seeing what he was there to see and photograph, and that the defendant cannot be held answerable for injury resulting from his failure to see part of the exhibit. As we have stated, his particular job was to put in order what was out of order, although it may be conceded that did not include rearranging part of the machinery or the exhibition where the exhibitor had placed it.

The plaintiff may not hold the defendant liable for his injury because he must be held to have assumed the risk in the sense that he was aware or was chargeable with being aware of the obstacle and general condition of the exhibit. This is closely associated with or is a form of contributory negligence. Gates v. Kuchle, 281 Ky. 13, 134 S.W.2d 1002; Porter v. Cornett, 306 Ky. 25, 206 S.W.2d 83. As stated in textual Note, 44 A.L.R. 1122:

"There is ample authority for the doctrine that, in an action brought by a contractor's servant against the contractee, it is a valid defense that the conditions by which the injury in question was occasioned were known to and appreciated by the plaintiff, and that he is consequently chargeable with an implied assumption of the risks arising from those conditions."

And, further, in Note, at page 1124:

"By most of the American courts which have had occasion to express their views upon the subject, the remedial rights of a contractor's servant have uniformly been determined upon the theory that his assumption of a risk becomes a conclusion in point of law, whenever it appears that the injured person was chargeable with knowledge, actual or constructive, of that risk."

Many cases supporting the statements are cited under these Notes and in the Annotation, "Liability of the contractee for injuries sustained by the contractor's servants in the course of the stipulated work." 44 A.L.R. at pages 932 et seq.

It is an elementary rule of appellate practice that a judgment will be affirmed if

the result is right even though the reason stated by the trial court for the judgment is wrong or doubtful. We are of opinion that the directed verdict for the defendant in this case was proper for the reasons stated.

Judgment affirmed.