**Leslie G. CARLISLE et al., Appellants,**

**v.**

**Orman G. REEVES, Appellee.**

Court of Appeals of Kentucky.

June 1, 1956.

Rehearing Denied Nov. 2, 1956.

James W. Stites, Walter R. King, Charles W. Porter, Louisville, for appellants.

Joseph E. Stopher, J. L. Richardson, A. J. Deindoerfer, Boehl, Stopher, Kilgarriff, Graves & Deindoerfer, Louisville, for appellee.

CAMMACK, Judge.

This action was instituted by Orman G. Reeves, the appellee, to recover damages for injuries received in a multiple automobile collision in the City of Louisville. Reeves' car, proceeding north on Fourth Street, after dark, was struck from behind by a truck driven by the appellant, Leslie G. Carlisle, and owned by the appellant, the Ferry-Morse Seed Company. Damages to the car totaled $152.37, and the appellants, admitting that the accident just mentioned was caused by Carlisle's negligence, have paid that claim.

Immediately after the aforementioned accident, the vehicles were left in their respective positions, and Reeves went to a fire engine house across the street and called the police. The appellee contends that, while he was calling the police, Carlisle, allegedly intoxicated, moved his truck and parked it at a 45-degree angle, with the back end protruding into Fourth Street. He claims also that Carlisle turned the truck lights off, despite the fact that the particular night was dark and rainy, with only poor visibility. The alleged subsequent acts by Carlisle are controverted by the appellants.

Shortly after Reeves returned from calling the police, he went into the street behind the truck in order to obtain its license number. There, he was struck by a car driven by an intoxicated driver, Charles S. Gilkey, a co-defendant below. Reeves was pinned between the bumper of the truck and the car, and suffered injuries subsequently necessitating amputation of his right leg above the knee.

The jury returned a verdict for $63,991 in favor of Reeves against all of the defendants, and judgment was entered there-

on. The appellants seek a reversal on the grounds that (1) they violated no duty owed to the appellee, and hence were not negligent; (2) the negligence of the appellants, if any, was not the proximate cause of the appellee's injury; (3) the appellee was guilty of contributory negligence as a matter of law; (4) the appellants' theory of the case was not presented in the instructions to the jury; (5) the verdict is excessive and shows that it was the result of passion and prejudice; and (6) erroneous instructions were given. The appellee insists that (1) the issue of proximate cause was submitted to the jury properly; (2) the issue of contributory negligence was for the jury; and (3) the verdict is not excessive.

 Under our view of the case, the controlling issue is that of the appellee's own conduct. Since our decision on that point will be determinative of the case, we will express no opinion upon the other issues developed in the briefs.

Reeves said at the trial that he knew it was dangerous to stand in the street, with his back to the oncoming traffic, for the purpose of obtaining the license number of the truck which had collided with his car. While the testimony may or may not constitute a judicial admission of contributory negligence, it does show that Reeves knew the risk involved in his undertaking, and that he voluntarily assumed the risk. We have held consistently that a person who, with knowledge of a dangerous situation, voluntarily places himself in a position where he takes the chance of being hurt, and is in fact injured, cannot recover for his injuries. Geller v. Geller, 314 Ky. 291, 234 S.W.2d 974 (doctrine recognized therein); Porter v. Cornett, 306 Ky. 25, 206 S.W.2d 83; Gates v. Kuchle, 281 Ky. 13, 134 S.W.2d 1002; Poole v. Lutz & Schmidt, 273 Ky. 586, 117 S.W.2d 575. While knowledge of the danger is essential in an application of the doctrine of assumed risk (see Marks v. Goldstein, Ky., 266 S.W.2d 104), that element of the case is provided here by the appellee's own testimony. It is sig-

nificant also that Reeves said Carlisle's truck was moved toward the curb and parked at a 45-degree angle, with the lights off, while he was at the fire house. There was no showing that Carlisle was moving or about to move the truck again when Reeves went into the street to get the license number. On this record, the issue was not one on which reasonable minds could differ; hence, was not an issue for the jury.

For the foregoing reasons, the judgment is reversed, with directions to set it aside, and to enter a judgment notwithstanding the verdict, in accordance with the appellants' motion therefor.