**LOUISVILLE & NASHVILLE RAILROAD COMPANY, Appellant,**

v.

**Henry O. MITCHELL, Appellee.**

Court of Appeals of Kentucky.

May 24, 1957.

Rehearing Denied Sept. 27, 1957.

C. S. Landrum, C. E. Rice, Jr., Lexington, Joe S. Feather, Williamsburg, for appellant.

Charles V. Collins, Lexington, R. L. Brown, Williamsburg, for appellee.

CAMMACK, Judge.

Henry O. Mitchell brought this action to recover damages from the Louisville & Nashville Railroad Company for injuries received by him in a crossing accident at Corbin. The Company is appealing from a judgment awarding Mitchell $6,750.

Mitchell was an employee and officer of a corporation specializing in moving heavy equipment over the highways. On May 26, 1954, the day of the accident, he was transporting a 26,000 pound transformer on a low-bedded tractor-trailer unit. A permit (necessary because his load was in excess of the legal limit) had been secured from the State Highway Department, allowing Mitchell to travel over designated roads from Middlesboro to Mt. Sterling. When Mitchell reached Corbin, he obtained a police escort through the City. The officer di-

rected Mitchell off U S 25–W, the designated route, along a gravel road, presumably to have him circle around a low underpass. After Mitchell had followed the gravel road for about a mile, he came to a grade crossing over the L. & N. double tracks. The approach to the tracks was moderately inclined, but the far side dipped down sharply from the last rail. As Mitchell was driving the tractor down the grade after crossing the tracks, his trailer bed, a 53 foot long "low-boy," hung on the last rail. Mitchell's attempts to jockey the trailer off were fruitless.

Realizing the danger inherent in the situation, Mitchell got out of the tractor, walked over to the police car, and requested the officer to radio police headquarters and have them stop all trains until a wrecker could be obtained to move the unit from the rails. Mitchell was informed that this action had already been taken. However, neither the officer nor Mitchell was informed that a call to the railroad's local superintendent had not been answered. One other call was attempted. No one called the train dispatcher's office.

After he had been stalled about fifteen minutes, Mitchell noticed a train about 1,000 feet away, which was coming toward him from the Corbin yards. He sent his helper with a red flag down the tracks to stop the train, and re-entered his tractor cab. His attention thenceforth was directed solely toward moving his "low-boy" off the tracks. He did not look to see if his helper had succeeded in halting the train until the moment of impact, although he testified that he was aware that the train was still moving when it was one hundred and thirty-five feet from the crossing. In the instant before the collision, Mitchell attempted to extricate himself but the tractor was struck before he could jump clear.

In urging reversal, the Company relies principally upon the argument that Mitchell was guilty of contributory negligence as a matter of law. Its position is well taken. Mitchell left his tractor and

remained by the police car for a quarter of an hour. With full knowledge that a train was approaching, he deliberately placed himself within the area of danger, and remained there in disregard of his own safety. Carlisle v. Reeves, Ky., 294 S.W.2d 74, 75; Poole v. Lutz & Schmidt, Inc., 273 Ky. 586, 117 S.W.2d 575.

 Mitchell's actions cannot be excused on the theory that they were performed in a sudden emergency. He had ample time in which to weigh the consequences. While he made a serious error in judgment, he was well apprised of the whole situation when he re-entered the tractor. Having chosen to assume such an unreasonable risk, he must bear the burden of the unfortunate results.

Judgment reversed, with directions to enter judgment for the defendant upon its motion for judgment notwithstanding the verdict.

BIRD, J., not sitting.