ELECTRIC PLANT BOARD OF The CITY OF RUSSELLVILLE, Kentucky, et al., etc., Appellants,

v.

Arthur DOTSON, Appellee.

Court of Appeals of Kentucky.

June 7, 1957.

Rehearing Denied Sept. 20, 1957.

Maxey B. Harlin, Coleman, Harlin & Orendorf, Bowling Green, Thomas A. Noe, Jr., Russellville, for appellants.

J. Granville Clark, Russellville, for appellee.

MONTGOMERY, Judge.

Arthur Dotson recovered a judgment against the Electric Plant Board of the City of Russellville, et al., in the sum of $7,540.63 for damages for injuries received from an electrical shock. It is urged that the appellee, Dotson, assumed the risk of handling an electric wire and was guilty of contributory negligence as a matter of law. This is the decisive question.

The appellee is 57 years of age. He had engaged in farming and carpentry work. As a carpenter, he had built barns and houses but had done no electrical work. For nine years next before his injury, he had operated a grocery store in Russellville. He had attended the Logan County schools until he was 18 years of age.

Dotson lived across from the City Cemetery on U. S. Highway 79 near the western city limits. The last street light maintained by appellants within the city limits was located due west 275 feet from Dotson's house and on the opposite side of the street. The wire connecting the street light circuit ran parallel to the street and about 12 feet inside the cemetery from the edge of the street pavement along the cemetery property. Three or four driveways led into the cemetery.

Between 6:30 and 7 p.m. on June 11, 1954, Dotson observed the wire burning. When it was severed, one end about three feet in length was attached to the pole. The other end fell to the ground. When the wire burned and fell, the street lights on the circuit went out. The point of fire was approximately 25 yards from the Dotson home.

Dotson walked across the street and down to where an entrance driveway to the cemetery was located, which was about 100 yards from his home. He observed that the wire was down and lying across the driveway into the cemetery. He returned home and attempted to call the "trouble

shooter" of the Electric Plant Board. The telephone line was busy.

Appellee then returned to the place where the wire was lying across the driveway. The wire at that point was about four feet from the ground. He took hold of the wire, pulled it part of the way out of the driveway and wrapped it around a stob. Part of the wire was still across the driveway. Dotson then took hold of the wire again and at that time received an electrical charge causing the injuries of which he complains. No "sparks or fizzing" on the down wire had been observed. The transformer was in the center of the city and on the opposite side of the break in the wire from the part handled by appellee.

Several bases for negligence on the part of appellants are urged by appellee. It is unnecessary to determine whether appellants were negligent. The conduct of the appellee is controlling. The facts are clear and undisputed.

Dotson was a mature man, with business experience. Undoubtedly he had gained some experience and knowledge concerning the handling of electricity during the time he worked as a carpenter.

■ Appellee had observed that the wire was carrying electric current. He had seen the burning wire. He was then in a place of safety, to which he later returned in an effort to call the "trouble shooter". Because the telephone line was busy, he did not wait until he could complete the call. Undoubtedly impelled by laudatory motives, he, nevertheless, was a volunteer and under no obligation to return to the broken wire and attempt to remove it from the driveway. The fact that he received no injury from the first handling of the wire was no assurance that he would not be injured subsequently.

■ In two recent cases dealing with overhead wire, we have said that reasonable care demands that every precaution be taken to avoid contact with an electric wire. Vaught's Adm'x v. Kentucky Utilities Co., Ky., 296 S.W.2d 459; and Carr v. Kentucky Utilities Co., Ky., 301 S.W.2d 894. Dotson took no precaution in handling the wire. Instead of moving the wire by means of a nonconductor of electricity, such as a wooden pole or stick, he assumed the risk of handling the wire with his hands. The inherent danger from the broken wire must have been obvious to him; otherwise, he would not have bothered to remove it from the driveway.

■ In Porter v. Cornett, 306 Ky. 25, 206 S.W.2d 83, 87, the doctrine of assumption of risk was fully discussed. The rule was stated to be that "one must exercise reasonable care for his own safety, and if he wishes to assume a known risk he is not exercising that care and is, therefore, contributorily negligent."

■ As stated in the Porter case, "appellee realized, or should have realized, the danger, and by placing himself in a precarious position, he did not exercise reasonable care for his own safety. He, as a matter of fact, assumed the risk of the very event which took place. By so assuming it, he was contributorily negligent * * *."

See also Morrison & Conklin Const. Co. v. Cooper, Ky., 256 S.W.2d 505; Carlisle v. Reeves, Ky., 294 S.W.2d 74; Louisville & N. R. Co. v. Mitchell, Ky., 304 S.W.2d 920.

The motion for a judgment notwithstanding the verdict should have been sustained.

Judgment is reversed, with direction to enter one in favor of appellants.