**Joseph L. WIMSATT, Appellant,**

v.

**J. BACON & SONS, Appellee.**

Court of Appeals of Kentucky.

Feb. 11, 1966.

Rehearing Denied May 6, 1966.

Henry D. Hopson, Hamilton, Hopson, & Hamilton, Louisville, for appellant.

Fielden Woodward, Woodward, Hobson & Fulton, Louisville, for appellee.

DAVIS, Commissioner.

The appellant, Joseph L. Wimsatt, sustained personal injuries when he fell into an elevator shaft in a store operated by appellee. In this tort action the trial court directed a verdict for the appellee at the conclusion of evidence for appellant. This appeal challenges the lower court's ruling by asserting that jury issues were presented as to the negligence of appellee and the contributory negligence of appellant.

The appellant was employed by Our Own Deliveries, and in the course of his employment made regular calls at the appellee's store to obtain packages for delivery to appellee's customers. He began that work in August, 1961, and continued regularly in it until his injury which occurred April 2, 1963. Shortly after appellant entered upon his duties he complained to Bacon's traffic manager that the freight elevator was so constantly in use as to materially delay appellant in the performance of his duties. Bacon's employee then explained to appellant how to make use of another elevator, originally designed and used for passengers, but converted into a freight facility. Appellant was shown that by use of a wire hook, made from an ordinary coat hanger, the door of the converted elevator shaft could be opened from the outside. Appellant related that he was told by appellee's employee that he (appellant) should turn off the light in the elevator car and close the door if he desired to assure that no other person would move the elevator during any temporary brief period. Appellant knew that several employees of Bacon's used the same elevator in this fashion.

On the day of the accident appellant loaded a cart with packages, in the basement, and entered the converted elevator with the loaded cart. He travelled to the

first floor, pushed the cart off the elevator, closed the elevator doors and took the packages to his truck. He intended to return to the elevator for an additional loading, so he carried the coat hanger hook with him to his truck. Appellant testified that he could not recall whether he had turned off the light in the elevator when he left it.

When he returned from his truck, appellant inserted the hook into the door as usual and began to put his weight against the door to open it. In some manner—either by losing his balance, or by stepping into the place where he expected the car to be—appellant fell into the elevator shaft. The elevator had been removed from the first floor position at which appellant had left it.

Without elaboration we will assume for purposes of this opinion that appellee was negligent. The question remains whether appellant's own conduct was of such character as to preclude his recovery as a matter of law. The trial court so ruled, and we concur. There may be debate whether nomenclature labels appellant's conduct as "contributory negligence" or "assumption of risk," but in either instance the result is the same.

The undisputed facts disclose that appellant knew that the elevator could be opened from the outside by use of the hook; he knew that others in the store could and did make use of the car by the same method—in fact, he stated that the purpose in turning off the light was to apprise others that the car was "in use." He was fully cognizant of every detail of this operation, as he had engaged in it for more than 18 months. We may accept appellant's theory that unusual force was required to pry open the doors, and that this prevented his making a more thorough look to see that the car was still there. Or, this extra effort may have tended to throw appellant off balance and make him more susceptible to falling. But who knew this better than he? We are unable to avoid the conclusion that appellant knew full well that the coat hanger technique was fraught with obvious danger. In such circumstances a litigant may not be absolved of the consequences of his knowing, deliberate conduct in face of an obviously dangerous condition. Decisions of this and other courts so holding are legion. Some of them include: Smith's Adm'r v. Smith, Ky., 269 S.W.2d 260; O'Nan v. Kroger Co., Ky., 279 S.W.2d 236; Carlisle v. Reeves, Ky., 294 S.W.2d 74; Whelan v. Van Natta, Ky., 382 S.W.2d 205.

Certain authorities which have dealt with falls into elevator shafts are presented by each litigant. In some of them recovery was allowed; in others the plaintiff was held contributorily negligent as a matter of law. It would burden this opinion unduly to undertake a detailed analysis of each. It is sufficient to observe that the factual situations in those cases permitting recovery vary substantially from the situation at bar. Cf. Chiappe v. Eichenbaum, 169 Cal.App.2d 46, 336 P.2d 1045 (in which the plaintiff observed that indicator showed the elevator to be at hand); Piccolo v. Giant Mills, 21 N.J.Super. 383, 91 A.2d 265 (in which the plaintiff had a right to place some reliance upon the raised gates as indicative of the elevator's presence); Phegley v. Graham, Mo., 215 S.W.2d 499, 6 A.L.R.2d 382 (in which the elevator was presumably so equipped as prevented its being opened unless the car was at the floor level—a circumstance known to the plaintiff); Baker v. Best, 107 S.W. 1192, 33 Ky.Law Rep. 1 (an elevator door was negligently left open in an unlighted hall); H. B. Phillips Co. v. Pruitt, 82 S.W. 628, 26 Ky.Law Rep. 831 (in which a store's customer fell into an elevator shaft under circumstances warranting her belief that a store employee had opened the door and invited her in). Sabiston's Adm'r v. Otis Elevator Co., 251 Ky. 222, 64 S.W.2d 588, stands for the rule that failure to provide suitable guards for an elevator is negligence, but even there the plaintiff lost for failure to prove actionable negligence.

Ratliff v. Big Sandy Company, Ky., 389 S.W.2d 911 and Mackey v. Allen, Ky., 396 S.W.2d 55, cited in supplemental brief for appellant, have been considered. We regard those decisions as clearly distinguishable from the present case.

The judgment is affirmed.