Kelly, &c., v. Barber Asphalt Company.

93   393
93   429

93   363
108   139

93   363
117   572

93   363
f131   73

CASE 64—PETITION ORDINARY—OCTOBER 8.

# Kelly, &c., v. Barber Asphalt Company.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

1. MASTER AND SERVANT.—An adult employe is not bound to engage in work that places his life in peril, and when labor of that sort is voluntarily assumed and an injury occurs he can not look to his employer for damages upon the ground of negligence if by the exercise of ordinary vigilance he could have avoided the accident.

2. SAME—LIABILITY FOR INJURY TO MINOR SERVANT.—In performing the duties of his place a servant is bound to take notice of any ordinary operation of familiar natural laws and to govern himself accordingly. He is also bound to use his eyes, and if he fails to do so he can not charge the consequence upon the master. And this rule applies to minor servants.

The plaintiff in this case, a boy in his seventeenth year, who was employed by defendant to do any and all kinds of work about defendant's establishment that he might be desired to perform, was engaged in drawing material in buckets from the first to the second floor of the building, when his shirt was caught to a revolving shaft or windlass over which he was bending, resulting in the breaking of his arm. In this action to recover damages for the injury to his arm: *Held*—That as plaintiff, although a minor, was old enough, and had intelligence and experience enough, to take notice of the ordinary operation of familiar natural laws, and could have avoided the injury by the use of his eyes, the defendant is not liable.

J. M. CHATTERSON, O'NEAL, PHELPS & PRYOR FOR APPELLANT.

1. The rule is that if the employer knew or ought to have known of the defect complained of he is liable; or when the employe has the right to depend upon the judgment of his employer as to the safety of the machinery, and there is neglect in this regard, a recovery may be had. (Sturm v. Meyer, 12 Ky. Law Rep., 350.)

2. It is the duty of the master to instruct his infant employe and explain to him fully the hazards and dangers connected with the business and how to avoid same. And if the master fails to perform this duty he is liable. (Lou. Bagging Co. v. Dolan, 13 Ky. Law Rep., 493; Dowling v. Allen, 74 Mo., 13; s. c., 41 Am. Rep., 298; Parkhurst v. Johnson, 50 Mich., 70; s. c., 45 Am. Rep., 28; Jones v. Florence M. Co., 66 Wis., 268; s. c., 57 Am. Rep., 269; Coombs v. Bedford C. Co., 102 Mass., 572; s. c., 3 Am. Rep., 506.)

Kelly, &c., v. Barber Asphalt Company.

HUMPHREY & DAVIE for appellee.

1. The fact that the employe is injured, raises no presumption of neglect on the part of the master. (Knight v. Cooper, 14 S. E., 999.)
2. The plaintiff, Kelly, took the risks of the employment; and, as whatever risk there was was as open to his observation as to the employer's, he can not recover. (Sullivan v. Bridge Co., 9 Bush; Bogenschutz v. Smith, 84 Ky., 336 and 338.)
3. Although the employe does not in fact know or see or realize the dangers of the employment; yet, if the means of knowing are open to him, he can not recover. (Bogenschutz v. Smith, 84 Ky., 338; Baird v. Deering, 13 Ky. Law Rep., 271.)
4. The fact that the employe is a minor or infant, does not change the rule that he is deemed to assume the ordinary hazards incident to the employment he undertakes. (Am. and Eng. Enc. Law, vol. 14, p. 842; Thompson on Negligence, vol. 2, 977; Cooley on Torts, 2d ed., 563; Berger v. St. Paul R. Co., 39 Minn., 78.; Baird v. Deering, 13 Ky. Law Rep., 271.)
5. There is no obligation or duty upon an employer to instruct a laborer as to the apparent risks of the employment which the laborer undertakes. (Berger v. St. Paul R. Co., 39 Minn., 78.)
6. The plaintiff's experience and observation, before the injury, were such as did or should have made him aware of the danger of his being caught by the shafting; and, therefore, there is no liability. (Baird v. Deering, 13 Ky. Law Rep., 271; Berger v. St. Paul R. Co., 39 Minn., 78.)
7. In performing his work, the servant is bound to keep his eyes open, and to keep a reasonable lookout for dangers and risks, and be careful to avoid them. If he fails to see, or to avoid, or guard against, dangers that the proper use of his senses and faculties would have disclosed, and is hurt, he can not recover. (14 Am. and Eng. Enc. Law, p. 842; Berger v. St. Paul R. Co., 39 Minn., 78; English v. Chicago R. Co., 26 Fed. Rep., 910.)

JUDGE BENNETT delivered the opinion of the court.

The appellant was in the employ of the appellee, and while he was drawing up some material from the first to the second story of the building by the direction of the appellee's foreman, and while he was bending over a revolving shaft or windlass in order to draw up the buckets containing the material, his shirt was caught fast to the revolving shaft and drew him around it, which caused one of his arms to be broken, and other bruises

upon the body.  He instituted this action against the appellee to recover damages for the injury, alleging that it was caused by the negligence of the appellee in having defective machinery, etc.  Upon the conclusion of the appellant's evidence the court gave the jury a peremptory instruction to find for the appellee.  From that judgment the appellant has appealed.

The appellant, at the time of the accident, was in the seventeenth year of his age; was about five feet and eleven inches tall; weighed about one hundred and forty pounds; intelligent, used to working about machinery and sought work and made contracts of employment on his own account.  The shaft or windlass mentioned was about two and one-half feet above the second floor, and over the edge of the floor, where there was an opening to the lower floor, from which the material was to be drawn in buckets to the second floor.  The shaft was smooth, and was revolved by a leather belt which moved other machinery.  In drawing up the buckets the appellant had to bend over the shaft.  The buckets, with the material in them, weighed about forty pounds.  While the appellant was bending over the shaft to draw up the third bucket of material—he having drawn up two buckets of it—his shirt, being loose and looped, got fastened to the shaft, and drew appellant to it and around it, causing the injuries mentioned.

The evidence is conclusive that the appellant was employed to perform any and all kinds of work that he was capable of performing about the establishment, that he was desired to perform.  It also conclusively shows that he was not working with the shaft or windlass; but he was drawing up material with buckets, a work that any

person possessing sufficient strength and ordinary sense could perform; that the shaft or windlass was not a defective or a particularly dangerous piece of machinery; that the appellant in performing his task had nothing to do with the shaft; he only had to bend over it while it was revolving right before his eyes, and which he was bound to see, and did see, while he was performing his duty. Not only did he see it then, but he knew before he commenced to draw up the buckets that the revolving shaft was there, and that others had drawn buckets of material up in the same manner that he did. He had good sense and was apparently stout enough to do the work, and having worked about machinery before at other places he evidently had some knowledge that it required some prudence and caution to work about machinery. It also conclusively appears that the only prudence that was necessary to be exercised in reference to this piece of machinery was to keep off it, and that the common instinct of safety should have suggested to him to do that; and the exercise of only ordinary prudence would have enabled him to do that. He had drawn up two buckets of material, and natural instinct would, and doubtless did, suggest to him whether or not the work was too heavy for him to perform with safety, and if it was too heavy, it was his right and duty to quit it, but he did not; and it looks reasonable that he thought he was adequate to the performance of the task, else he would have quit it. As said, he did see the shaft and that it was revolving, and that he would be compelled to bend over the shaft in drawing up the bucket, before he commenced to draw up the bucket; and he knew, as well, as a country youngster would know that if his

clothes were caught by a revolving well windlass, he would likely be drawn to it and hurt, and that it was safest for him not to get close enough to it for such accident to befall him; or that there was danger of falling by walking on a plank covered with ice or sleet.

It is well settled by this court that an adult employe is not bound to engage in work that places his life in peril; and when labor of that sort is voluntarily assumed, and an injury occurs, he can not look to his employer for damages upon the ground of negligence, if, by the exercise of ordinary vigilance, he could have avoided the accident. (Sullivan v. Bridge Co., 9 Bush, 81.)

The American and English Encyclopedia of Law, volumn 14, page 842, gives the rule in reference to minor servants, which we think is correct, as follows: "In performing the duties of his place a servant is bound to take notice of the ordinary operation of familiar natural laws, and to govern himself accordingly. If he fails to do so, the risk is his own. He is bound to use his eyes, and if he fails to do so he can not charge the consequences upon the master; and this rule applies to minor servants." See also, the strong case of Berger v. St. Paul, &c., R. Co., 39 Minn., 78.

The above authorities settle the law as applicable to the employment of minor servants in a case like this. But there is no intimation intended as to the law of the case, where the master employed an infant and put him to work with machinery without instructing him, who, by reason of his tender years and inexperience, did not know anything about the danger incident to working with machinery, or would not be likely to know or observe any defects therein. In this case, as said, the

appellant was old enough, sensible enough and had experience enough "to take notice of the ordinary operation of familiar natural laws, and to govern himself accordingly" and to "use his eyes;" and his failure to do so was at his own peril.

The judgment is affirmed.