CASE 17—ACTION TO RECOVER DAMAGES FOR THE DEATH OF PLAINTIFF'S
INTESTATE—MARCH 17.

# Cincinnati, N. O. & T. P. Co.'s Receiver v. Finnell's Admr.

### APPEAL FROM GRANT CIRCUIT COURT.

JUDGMENT FOR THE PLAINTIFF.   DEFENDANT APPEALS.   REVERSED.

MASTER AND SERVANT—INJURY TO VOLUNTEERS—REMOVAL TO FEDERAL
COURT.

Held:  1. Where a boy seventeen years old, in size a man, was fatally
injured while assisting a railroad brakeman, at his request, in
loading a piano on a train, the railroad company was not liable,
the master not being liable to one who is injured through the
negligence of his servants while assisting them at their request,
provided the injured person was old enough to understand the
danger.

2. There was no error in not removing a cause to the federal court,
where one of the defendants was a resident of Kentucky.

SIMRALL & GALVIN AND A. G. DEJARNETT, ATTORNEYS FOR APPEL-
LANT.

1. It is the duty of the State court to act on the petition for removal
as if all the allegations were admitted; and where it is alleged
that the joining of a co-defendant was done in order to prevent a
removal to the federal court, they can not be controverted.  Kan-
sas City, &c., R. R. Co. v. Daugherty, 138 U. S., 298; Stone v. South
Carolina, 117 U. S., 430; Crehors v. O. & M. R. R. Co., 131 U. S.,
240; Burlington, &c., R. R. Co. v. Dunn, 122 U. S., 513; Carson v.
Hyatt, 118 U. S., 279; L. & N. R. R. Co. v. Wangdin, 132 U. S.,
599; Bryson v. McPherson, 71 Iowa, 437; Horean v. Strachen, 82
Ga., 586.

2. It was error in the court to allow evidence as to money paid for
doctors' bills, nursing and other expenses.  The only inquiry
was the loss to the estate of decedent in earning power.

3. It was also error to allow evidence to go to the jury, that decedent
had been permitted to ride on defendant's train, on other occa-
sions, in consideration that he would assist the crew in loading
and unloading freight.

4. Instruction should have been given, "that if decedent voluntarily
undertook to assist others in the work of loading a piano and

Cincinnati, N. O. & T. P. Co.'s Receiver v. Finnell's Admr.

was injured while so doing, the defendant is not liable, unless decedent was asked to assist by an employe of the defendant, and was so young as not to appreciate and see the danger he was asked to do." This instruction was asked by the defendant, and refused by the court.

W. W. DICKERSON, ATTORNEY FOR APPELLEE.

1. A cause can not be removed to the federal court, unless all the defendants are non-residents, and all unite in the petition for removal. Deer, &c., W. & Co. v. Chicago, M. & St. P. R. R. Co., 85 Fed. Rep., 876; Creagh v. Equitable Life Assurance Society, 83 Fed. Rep., 849.

2. The evidence shows the decedent was invited and solicited to help load the piano and was not a "mere volunteer," and where one is invited to do a work that is hazardous to life or limb, which he does not know, the principal is liable. International & G. N. R. R. Co. v. Cooker (Texas), S. W. Rep., 470; Gen. Dig., vol. 10, 1696; Empire Laundry Co. v. Bradley, 60 Ill. App., 379; (vol. 1, N. S. Gen. Dig., p. 1009); Felton v. Aubrey, 20 C. C. A., 443 and notes; Cooley on Torts, 538, also 539, 534; Jaggard on Torts, 893; Cleveland v. Spier, 16 C. B. (N. S.), 398; Thompson on Negligence, 1046; Ward v. L. & N. R. R. Co. (Tenn.), 38 S. C. Rep., 727; Am. & Eng. R. R. C. A. S., vol. 7, 776.

3. It was competent to prove that decedent had theretofore been given free rides on defendant's train in order to show his obligation to go and assist at the time he was killed, and in such case he is not a volunteer.

4. Funeral expenses, medical services and the like, should be considered as a part of the estate lost by the death of plaintiff's intestate. Consol. Traction Co. v. Hone, vol. 5, Am. & Eng. R. R. Cases, 679; vol. 4, Am. & Eng. R. R. Cases, 540; vol. 5, same p. 610; Chicago E. R. Co. v. Meech, vol. 7, Am. & Eng. R. R. Cases, 667.

5. Instruction to jury. 19 Ky. Law Rep., 65.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

Appellee filed this suit to recover for the loss of the life of his intestate by reason of the negligence of appellant's servants. The answer was substantially a traverse of the allegations of the petition, and at the conclusion of appellee's evidence, as well as on all the evidence, appellant asked a peremptory instruction to the jury to

find for him, which was refused. The proof showed that appellee's intestate was seventeen years old, 6 feet high, weighed about 140 pounds; that he was going to school at Corinth, Ky.; that on a number of occasions he had been allowed by the crew of appellant's local freight train to ride on the train free, and assist them in loading and unloading freight; that on the day on which he was killed this train, after arriving at Corinth, unloaded the freight for that point; that in this freight was a box of matches, which took fire, and the conductor took the box out behind the depot to get at the fire and put it out; that while he was doing this the brakemen proceeded to put on the freight that was to be loaded at that point; that, among other things, a piano was to be loaded, and one of the brakemen requested the intestate and another boy, of about the same age, who was with him, a few feet away, to come and help them load the piano on the train. The piano was rolled to the door of the depot, which was about four feet above the platform, on the outside. Two of the brakemen got on one side of the piano, and the third brakeman and the two boys on the other side. They rolled the piano out of the door, with the intention of carrying it across the platform to the car; but when it left the door it either slipped from the two brakemen, or the weight was too heavy for them to carry, and fell to the platform, catching the intestate under it, and so mashing him that he died from his injuries a few days later. The conductor was not present, and knew nothing of what was going on until after the piano had fallen on the intestate; being out behind the depot, working on the box of matches.

The question in this case is whether the railroad company is responsible for the injury to the boy, received while voluntarily assisting the brakemen in discharging their

duties. The rule on this subject is thus expresed in Wood, Mast. & S. section 455: "A person who voluntarily, and without any employment, undertakes to perform a service for another, stands in the same relation as a servant for the time being, and is regarded as assuming all the risks incident to the business. And this is so even though the service is not wholly voluntary, but is induced by the request of a servant in the defendant's employ. Thus, where the plaintiff was sent by his master with a cart to the defendant's premises to get a load of cotton, and one of the defendant's servants requested him to assist in loading it, and while he was doing so he was injured by one of the defendant's servants negligently letting a bale fall upon him, it was held that an action could not be maintained; Erie, C. J., pertinently saying: 'This is the case of one volunteering to associate himself with another's servants in the performance of the defendant's work, and this without the consent or knowledge even of the defendant.' Such a person can not stand in a better position than those with whom he associates himself, in respect to the master's liability." The same rule is laid down in 1 Shear. & R. Neg., section 182; 1 Lawson, Rights, Rem. & Prac., section 325.    In Church v. Railroad Co. (Minn.) 16 L. R. A., 861 (s. c. 52 N. W. 647), the learned editor, citing a large number of authorities, thus well states the rule: "One who has no interest in the performance of the work which he undertakes, whether of his own volition, or at the suggestion of others engaged in the work, and merely to assist them in its performance, is a volunteer, and assumes all the risks of the employment, and can not recover for injuries ocasioned by an accident happening through the neglect of those with whom he is acting." There are a large number of cases

supporting this rule. Thus, where the fireman of an engine asked a boy to put in the hose and turn in the water at a station, and the boy was killed while acting for the fireman, under circumstances not entitling the fireman to recover if he had been in the place of the boy, it was held that there could be no recovery. Flower v. Railroad Co., 69 Pa., 210. So, where a boy was hurt in coupling cars. Railroad Co. v. Harrison, 48 Miss., 112. So, where the plaintiff was assisting the defendant's servants in delivering a fly wheel, and by their negligence the wheel was allowed to fall on him. Wischam v. Rickards (Pa. Sup.) 20 Atl., 532, (10 L. R. A., 97). So where the plaintiff, at the request of the brakeman, undertook to help them operate the brakes on the train. Mayton v. Railroad Co., 51 Am. Rep., 637 Evarts v. Railway Co. (Minn.) 57 N. W., 459, (22 L. R. A., 663). In notes to these cases numbers of other cases are collected. The same principles were announced by this court, except as to children too young to understand the danger, in Railroad Co. v. Gastineau's Adm'r, 83 Ky., 119. Under these authorities, there can be no recovery for the injury to the intestate, unless the fact that he was an infant takes this case out of the rule. He was seventeen years of age, and well grown for his years. The danger from the fall of a piano was apparent, and there is nothing in the record to warrant the conclusion that he had not sufficient discretion to be held responsible for the consequences of his acts. The rule is that a minor in entering a service assumes, like the adult, the risks of that service, unless too young to appreciate the peril to which he is exposed. 1 Shear. & R. Neg., section 218. In a note to this section are collected several cases in which this rule was applied to boys fifteen or sixteen years of age. In Kelley v. Asphalt Co., 93 Ky., 363,

(20 S. W., 271), this court sustained a peremptory instruction where the boy was in his seventeenth year. The brakemen had no authority to call in others to help them in their work, and while it was their duty not to place children, or suffer them to remain, in places of peril, where by reason of their inexperience they would reasonably be exposed to injury, and the appellant would be answerable for negligence on the brakeman's part if they did so, this duty is the same as every one owes to that character of persons on his premises, and the principle has no application where one who is substantially a young man undertakes to help another lift a piano. There is, therefore, nothing in the case to take it out of the general rule exempting the master from liability to one who is injured, while helping his servants at their request, by reason of their negligence; and the court should have instructed the jury to find for appellant.

There was no error in not removing the cause to the federal court, one of the defendants being a resident of this State. Railroad Co. v. Dixon's Adm'r (Ky.) 47 S. W., 615. But for the reasons indicated the judgment is reversed, and the cause remanded, with directions to grant appellant a new trial, and for further proceedings not inconsistent with this opinion.

Petition for rehearing filed by appellee and overruled