# Porter et al. v. Cornett.

November 21, 1947.

B. B. Snyder, Special Judge.

J. Walter Clements and Murray L. Brown for appellants.
William Lewis and Ray C. Lewis for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Reversing.

This is an action to recover damages for personal injuries allegedly caused by the negligence of appellants' agent. Appellee, the plaintiff below, recovered a judgment for $15,000, and appellants appeal on a number of grounds.

Appellants were engaged as partners in the grocery business at London, Kentucky. The accident happened when a truck being driven by Ed Parman slipped off the side of the road in Laurel County and pinned appellee to a bank. Appellee claims that this Ed Parman was the agent and servant of appellants, and was engaged on their business at the time of the accident. There is considerable controversy over the question of agency, but in our opinion the primary and controlling questions in the case are those of negligence and contributory negligence.

We will consider the facts as they appear in the evidence presented for appellee. On the afternoon of January 22, 1945, appellee met Parman at Johnson's store in Laurel County. Parman had made a trip there in a stake-body Dodge truck for the purpose of delivering a load of groceries for appellants. Appellee requested a ride back to London. There was evidence he had been drinking at the store although "he was not bad drunk," and there was evidence that Parman was drinking there and "was pretty full."

It had been raining that day and the road was slippery. When the two reached Johnson's Hill the grade on the hill "was awful slick," and the truck stalled. The driver then backed the truck down the hill and tried again. Due to the slippery condition of the roadway, he was again unsuccessful, and made perhaps one or two more attempts to get the truck up the hill. On the last attempt the wheels of the truck were spinning and it slipped over to the right hand side of the road, very close to the ditch.

Thereupon the driver and appellee got out, and the driver requested appellee to help hold the truck to keep it from slipping in the ditch as he attempted to move it. Apparently he intended to let it roll back to get better

traction for the rear wheels. At that time another man by the name of Buttree arrived and offered his assistance. He expressed the opinion that he and appellee could hold the truck out of the ditch. Both Buttree and appellee got behind the truck close to its right hand side next to the ditch. When the driver let the truck move back a few feet, it skidded into the ditch and pinned appellee up against the steep bank.

At the trial both appellee and Buttree testified in substance that the slipping of the truck precipitated appellee into the ditch, but the statements of each made before the trial, which they admitted as true, were to the effect that appellee slipped and fell in the ditch before the truck skidded.

Appellee testified as follows:

"Q. How many times did Ed Parman try to go up Johnson Hill before you were hurt? A. I could not say.

"Q. More than once? A. Yes.

"Q. On each occasion he stalled? A. Yes.

"Q. What prevented him from getting up there? A. It was slick.

"Q. Did you know that? A. Yes.

"Q. You could see what prevented the truck from going up the hill? A. Yes, certainly.

"Q. You knew why he was backing up didn't you? A. He could not get up.

"Q. He could not get up because it was slick? A. It was slick.

"Q. You thought you could hold it? A. I had helped hold plenty of them.

"Q. Was the shoulder of the road slick? A. I guess it was plenty slick.

"Q. It was the slickness of the road that caused this truck to come over on you? A. It was slick.

"Q. That is what caused it? A. I guess it was."

Buttree testified:

"Q. When Earl got behind the truck it started moving back slowly? A. Yes, it started back slowly.

"Q. When it started back slowly the truck was on the side of the bank and it slipped suddenly over on to Mr. Cornett? A. Yes.

"Q. The reason was because it was so slick? A. It was almost ready to fall in the ditch anyway.

"Q. You could see that? A. Yes.

"Q. Cornett could see that? A. Yes.

"Q. You knew it was liable to slip? A. Chances was it could come on over or out.

"Q. There was a possibility of it slipping, that is why you and Cornett were back there? A. Yes.

"Q. Your purpose and Cornett's purpose was to keep it from slipping? A. Yes."

Appellee and Buttree were the only eye witnesses to the actual event which caused appellee's injuries, and what we have stated and quoted above is the only version of the accident.

The fundamental facts in the case are that the truck was in difficulty; it was in a precarious position; the tires, the roadway, and the bank were wet and slippery; and appellee was completely aware of the entire situation.

Under the circumstances it is difficult for us to find from the record any evidence that the driver of the truck was negligent. He was simply trying to move his truck away from the ditch out in the roadway, and he enlisted the services of appellee and Buttree for the very purpose of helping him keep the truck from going in the ditch. There is no proof whatever that the operation of the truck was improper under the circumstances. The driver did what he intended to do and what appellee knew he intended to do. On the basis of appellee's own evidence in this case, we are unable to point to any act of negligence upon the part of the driver.

Negligence cannot be assumed or inferred from the mere fact that an injury was sustained. Johnson, Administratrix, v. Mobile & Ohio Railroad Co. et al., 178 Ky. 108, 198 S. W. 538. Nor is it proper to submit a

case to the jury where the finding of negligence must be mere conjecture or a matter of guess work. Potter et ux. v. Consolidation Coal Co. et al., 276 Ky. 404, 124 S. W. 2d 68. There appear in this case no facts or circumstances which would reasonably support the inference that the truck driver was negligent.

Appellee suggests that the driver directed him to a position of danger, but the slipping of the truck into the ditch was an accidental event which all parties anticipated might happen even by careful operation of the truck. Appellee further suggests that if the driver had made no attempt to move the truck he would not have been injured, and therefore the moving of the truck was ipso facto negligence. We cannot follow this argument, as the actual cause of the accident was the skidding of the truck which may have resulted from most careful and non-negligent operation.

Conceding, however, that the driver of the truck committed some act of negligence, it is quite obvious that appellee, with full knowledge of the situation, was contributorily negligent as a matter of law in that he assumed the risk of the event which took place.

The doctrine of "assumption of risk" historically arose under the general law of master and servant, and has for the most part been deemed a matter of contract. In negligence cases the same concept has been generally accepted as contributory negligence. In their legal effect, the two doctrines are identical. They deny the right of recovery where the injured person with knowledge of a dangerous situation voluntarily places himself in a position where he takes the chance of being hurt.

One of the earlier cases in this jurisdiction involving facts quite similar to those we have here was Cincinnati, N. O. & T. P. Co's Receiver v. Finnell's Adm'r, 108 Ky. 135, 55 S. W. 902, 57 L. R. A. 266. In that case a seventeen year old boy volunteered to help certain railroad employees load a piano on the train. The piano slipped and fell on the boy, causing injuries from which he died. In deciding that a verdict should have been directed for defendant, the court quoted the following from other authorities, 108 Ky. at pages 138 and 139, 55 S. W. at page 903, 57 L. R. A. 266;

"A person who voluntarily, and without any employment, undertakes to perform a service for another, stands in the same relation as a servant for the time being, and is regarded as assuming all the risks incident to the business. And this is so even though the service is not wholly voluntary, but is induced by the request of a servant in the defendant's employ."

"One who has no interest in the performance of the work which he undertakes, whether of his own volition, or at the suggestion of others engaged in the work, and merely to assist them in its performance, is a volunteer, and assumes all the risks of the employment, and cannot recover for injuries occasioned by an accident happening through the neglect of those with whom he is acting."

The court concluded, 108 Ky. at page 139, 55 S. W. at page 903, 57 L. R. A. 266: "The danger from the fall of a piano was apparent, and there is nothing in the record to warrant the conclusion that he had not sufficient discretion to be held responsible for the consequences of his acts. The rule is that a minor in entering a service assumes, like the adult, the risks of that service, unless too young to appreciate the peril to which he is exposed."

In the more recent case of Poole v. Lutz & Schmidt, Inc., 273 Ky. 586, 117 S. W. 2d 575, the plaintiff was injured when struck by a piece of brick knocked out of a wall being demolished by defendant's servants. The plaintiff was on the premises at the time installing a heating pipe line, and he had observed the work of demolition. In sustaining a directed verdict, we stated, 273 Ky. at pages 588 and 589, 117 S. W. 2d at page 576:

"The term 'assumption of risk' has come to have a specific connotation through association with the law of master and servant, but in its broader aspect its common meaning and general application yet prevail. One who chances a risk or risks a chance and loses must suffer the consequences. The doctrine of assumed risk is bottomed on the maxim 'volenti non fit injuria,' which means that to which a person assents is not regarded in law as an injury. * * *

"It is always the duty of one to exercise ordinary

care for his own safety, and facts showing that he did not may also prove that, in its broader sense, he assumed the risk, that is, that he took the chance of being hurt. In this connection the term 'assumption of risk' is, in its nature, effect and import, equivalent to 'contributory negligence.' * * * It seems to us, therefore, that the trial court correctly ruled that in voluntarily exposing himself to the danger of being struck by a missile from the wall being demolished the plaintiff was guilty of negligence as a matter of law.''

In the case of Sutherland v. Davis, 286 Ky. 743, at page 745, 151 S. W. 2d 1021, 1022, involving the question of whether or not a passenger in an automobile was contributorily negligent in continuing to ride with a driver whom she observed to be intoxicated, we stated:

''The assumption of risk of a danger amounts to contributory negligence so as to bar recovery when the injured person is aware of the conditions which create the danger and in addition thereto appreciates in his own mind the danger attendant upon such conditions. * * * Where the danger attendant upon the conditions is a matter of common knowledge it will be conclusively presumed that the injured person appreciated the danger.''

One of our most recent statements of the doctrine of contributory negligence appears in the case of Price v. T. P. Taylor & Co., Inc., 302 Ky. 736, at page 739, 196 S. W. 2d 312, 314, wherein we stated:

''The theory of contributory negligence is predicated upon the premise that there is a duty imposed upon all men to observe ordinary care for their own safety. In the exercise of ordinary care, ordinary prudence dictates that every person is to exercise his intelligence and to make such use of his senses in the interest of his own safety as a reasonably prudent person would exercise under like circumstances.''

It is evident from the above cases that the actual fact of assuming a risk constitutes contributory negligence as a matter of law. Some of the confusion which may exist in the authorities arises from considering ''assumption of risk'' in its doctrinal sense rather than as a factual situation. It is the established rule that one

must exercise reasonable care for his own safety, and if he wishes to assume a known risk he is not exercising that care and is, therefore, contributorily negligent.

In this case appellee realized, or should have realized, the danger, and by placing himself in a precarious position, he did not exercise reasonable care for his own safety. He, as a matter of fact, assumed the risk of the very event which took place. By so assuming it, he was contributorily negligent and he cannot now claim the driver of the truck was solely responsible.

The contention is made by counsel for appellee that he did not know how to drive a truck and was not very familiar with motor vehicles, and, therefore, did not realize the danger. As stated in the Sutherland case, supra (Sutherland v. Davis, 286 Ky. 743, 151 S. W. 2d 1021), where the danger is a matter of common knowledge, there is a conclusive presumption that it is appreciated. Appellee was a man forty-two years of age, and it is absurd to say that in this day and time a motor vehicle was such a strange instrumentality that he could not realize its mechanical propensity for sliding off a slippery road. In addition, he testified he had ''helped hold plenty of them.''

It is our conclusion that the truck driver was not negligent, or assuming otherwise, appellee himself was guilty of contributory negligence as a matter of law. On both grounds a verdict should have been directed for appellants. No other questions raised on this appeal are decided.

For the reasons herein stated, the judgment is reversed with directions to grant appellants a new trial and for further proceedings consistent herewith.