**JACKSON v. KREEGER et al.**

Court of Appeals of Kentucky.

Oct. 5, 1951.

J. Ballard Clark, Thomas F. Manby and George F. Williamson, all of La Grange, for appellant.

John M. Berry, L. T. Peniston, New Castle, Davis, Boehl, Viser & Marcus, A. J. Deindoerfer, John G. Hicks, all of Louisville, for appellees.

STEWART, Justice.

Appellant, Willie V. Jackson, brought this action against appellee, Milton Kreeger, trading and doing business as Hanover Saw Mill, in the Henry Circuit Court to recover damages aggregating $27,094.90 growing out of injuries received by him because of the alleged negligence of appellee's truck driver, Bud Conrad. At the conclusion of Jackson's evidence, the lower court directed the jury to find for appellee, and Jackson appeals.

In July of 1949, one Stanton Winburn was building a barn on his farm in Henry county, Kentucky. He had purchased the lumber for this structure from appellee, and the agreement was that the lumber was to be delivered to the site of the barn. It was necessary to traverse an unimproved private road and ascend a long, narrow, curving course up a hill across Winburn's land to reach the location of the barn. On July 6, 1949, Conrad brought the first load of lumber to Winburn's farm on appellee's truck. He was unable to drive the loaded truck up the hill after several trials; so he unloaded part of the lumber at the foot of the hill and delivered the remaining part at the barn site. The rest of this load of lumber was pulled up the hill by Winburn with his wagon and team. Because of Conrad's dif-

ficulty with the hill on the first trip appellee instructed the truck driver not to attempt to drive up it but to unload the next load at the bottom of it.

On July 9, 1949, around 11:00 o'clock in the morning, appellee's driver, Conrad came with the second load, consisting of 2500 feet of lumber and 2000 tobacco sticks. Leaving the loaded truck at the foot of the hill, Conrad went to Winburn who was working on the barn. The truck driver told Winburn the truck could not climb the hill on its own power and requested assistance to help pull the load of lumber up the hill. Appellant, Willie Jackson, who lived on the adjoining farm to Winburn, had a Farmall tractor. Winburn went to Jackson, asked him if he would use his tractor to help pull the truck up the hill and Jackson agreed to do so.

Jackson brought the tractor over to the Winburn farm where it was attached to the lumber truck by a chain about ten feet long. With Jackson in front on the tractor and Conrad at the wheel of the truck, they started up the hill. They proceeded until the tractor had passed over the steepest part of the hill when the motor on the truck suddenly died. Its air brakes were released and the truck rolled backward down the hill, pulling the tractor with it. The tractor almost immediately turned over and Jackson was caught under it. The truck rolled all the way down to level ground, dragging Jackson, who was pinned under the tractor, along the rocky ground. He received serious injuries of a permanent nature.

The sole question to be resolved in this action is whether appellee, the truck owner, is responsible for the injuries received by appellant while voluntarily assisting appellee's employee in the apparent discharge of the latter's duties.

Appellant on cross-examination testified that he knew the truck had on it a heavy load of lumber; that the truck of lumber would outweigh many times the tractor; that he had assisted many people with disabled trucks and automobiles; that the grade where the accident occurred was, and we here employ his words, "down pretty steep" and "a dangerous jump-off" was on his right; and that he had engaged in the

logging and lumber business, working around saw mills. We therefore conclude from his testimony that appellant undertook to perform a dangerous mission on behalf of appellee knowing full well the risks that might flow therefrom.

■ The rule of law applicable to the facts of this action is well expressed in Cincinnati, N. O. & T. P. Ry. Co.'s Receiver v. Finnell's Adm'r, 108 Ky. 135, 55 S.W. 902, 903, 57 L.R.A. 266, as follows: "One who has no interest in the performance of the work which he undertakes, whether of his own volition, or at the suggestion of others engaged in the work, and merely to assist them in its performance, is a volunteer, and assumes all the risks of the employment, and cannot recover for injuries occasioned by an accident happening through the neglect of those with whom he is acting."

In Poole v. Lutz & Schmidt, 273 Ky. 586, 117 S.W.2d 575, 576, we elaborated on the legal principle involved here in this language: "The term 'assumption of risk' has come to have a specific connotation through association with the law of master and servant, but in its broader aspect its common meaning and general application yet prevail. One who chances a risk or risks a chance and loses must suffer the consequences. The doctrine of assumed risk is bottomed on the maxim 'volenti non fit injuria,' which means that to which a person assents is not regarded in law as an injury."

In the case of Porter v. Cornett, 306 Ky. 25, 206 S.W.2d 83, 85, a truck driver had made several unsuccessful attempts to drive up a hill that was wet and slippery. Finally the truck came to rest near the edge of a ditch, and the driver requested Cornett; who was riding in the truck as a guest, to push the vehicle from behind in order to prevent it from slipping into the ditch when the driver attempted to move it. The truck slipped into the ditch, soon after the driver started it, pinning Cornett against a bank and injuring him. This Court denied Cornett the right to recover damages from the truck driver's employer for this prima-

ry reason: "Conceding, however, that the driver of the truck committed some act of negligence, it is quite obvious that appellee, with full knowledge of the situation, was contributorily negligent as a matter of law in that he assumed the risk of the event which took place."

■■ We are of the opinion that the facts in the Porter decision are analogous in every respect to those in the case at bar and that the law set forth therein is controlling here. The record in this action does not show any negligence upon the part of the truck driver. Appellant assumed the ordinary risks inherent in attempting to pull a heavily loaded truck up a steep hill with a light tractor. The evidence is conclusive that Jackson knew the danger that attended the situation when he entered upon this undertaking. By placing himself in a hazardous position, he failed to exercise reasonable care for his own safety and he cannot now claim that the driver of the truck was solely responsible for the accident. Under such a factual situation, no liability attaches to appellee for appellant's injuries.

Wherefore, the judgment is affirmed.