## SMITH v. GILLUM.

Court of Appeals of Kentucky.
Oct. 17, 1952.

Rehearing Denied Jan. 16, 1953.

McCann & Atchison, Lexington and Bach & Bach, Jackson, for appellant.

O. J. Cockrell, Jackson, E. B. Rose, Beattyville, for appellee.

SIMS, Justice.

Appellee, Gillum, recovered judgment against appellant, Smith, for $10,000 damages and $3,250.10 hospital and doctors bills, resulting from injuries received when struck by appellant's truck. The sole ground assigned for reversal is the court erred in not sustaining appellant's motion for a directed verdict at the conclusion of appellee's evidence.

Appellee owned and operated a small coal mine in Breathitt County which was located a few hundred yards from the highway. He had constructed a narrow dirt road on his farm leading from the highway to the mine. On March 6, 1950, appellant's truck, driven by his agent and servant, Bill Townsend, came to the mine for a load of coal for Smith. After the coal was loaded in the truck appellee got on the vehicle to ride to his home which was not far from the mine.

From a recent snow this dirt road was wet and muddy and the truck "stuck" in the ruts and its wheels spun. Both appellee and the driver got off the truck to "dig it out". The rear axle was dragging after its back wheels went into the ruts and appellee and the driver attempted to cut down these high places with a mattock.

They made several unsuccessful efforts to get the truck through the ruts. Finally the driver backed the vehicle some 8 or 10 feet behind the place where appellee was digging, and without warning attempted to drive through the ruts. Appellee heard the roar of the motor when the driver accelerated it, turned and saw the truck coming toward him and attempted to escape by running up the bank on the side of the narrow road. He got part of the way up the bank but the truck skidded and the back part of the truck bed wedged him against the bank. His leg and pelvis were broken and he suffered severe and permanent injuries, which the uncontradicted testimony shows have permanently disabled him.

In urging that appellant was entitled to a directed verdict, it is argued appellee failed to show any negligence upon the part of the driver, and appellee was guilty of contributory negligence in that he volunteered to put himself in a place of danger.

Appellant is wrong when he says the evidence shows no negligence upon the part of the driver. Appellee testified he was digging on the left side of the road next to the bank; that the truck was "back behind me just a few feet, 7 or 10 feet. * * * He backed up but I don't think he shut his engine off. The truck started, I looked around, he was backing from me, I looked again and he was coming and I wheeled to jump around and tried to climb the bank, it was all done in a couple of minutes and I got hurt. * * * He cut the truck in on me and caught me."

There can be no doubt from this testimony that the driver was negligent. It

showed that while the truck was standing behind appellee with its engine running the driver started to move it forward through the ruts without giving any signal or warning. The first intimation appellee got that the truck was coming towards him was the noise made by the motor when the driver accelerated it. Then it was too late for appellee to do more than to attempt to get out of the way by running up the bank. Certainly, this constituted negligence upon the part of the driver.

It is argued by appellant that appellee voluntarily put himself in a position of danger in the rear of the truck while it was stuck in the mud with its wheels spinning and this assumption of risk amounted to contributory negligence on his part. If such were the uncontradicted state of facts, appellee would be guilty of contributory negligence as a matter of law. However, there is a conflict in the evidence as to whether appellee placed himself in front or behind the truck, and this made a question for the jury. In Porter v. Cornett, 306 Ky. 25, 206 S.W.2d 83, 85, will be found a discussion comparing "assumption of risk" with "contributory negligence," where we said that one who voluntarily puts himself in a place of danger assumes the risk, which amounts to contributory negligence. In the case at bar appellee testified he was in front of the truck, with his back to it, when it was started without warning to him and he attempted to escape by running up the bank on the left side of the road and the truck skidded and wedged him against the bank. While appellee volunteered his services to "dig the truck out," yet he was in no danger until the driver, without warning, drove the truck in on appellee, whose back was to it.

Much reliance is placed by appellant in Porter v. Cornett, 306 Ky. 25, 206 S.W.2d 83, but the facts in the two cases are quite different. There, Cornett was riding in Porter's truck when it stalled on a slippery hill and skidded to the edge of the

road. He volunteered to get out and hold the truck from slipping into a ditch while the driver let it back down the hill. Cornett, and another man who was helping him, could not hold the truck out of the ditch and he was seriously injured when the truck pinned him against a steep bank. There was no proof that the driver of the Porter truck improperly operated it. Cornett knowing the situation of the truck voluntarily placed himself in a position of danger. We said this amounted to contributory negligence on his part and he could not recover for his injuries. In the instant case, Gillum was a volunteer in "digging the truck out," but he did not place himself in a dangerous situation. He was in no danger until Smith's driver negligently drove the truck in on him without warning.

An examination of other authorities cited by appellant, such as Poole v. Lutz & Schmidt, 273 Ky. 586, 177 S.W.2d 575; Cincinnati N. O. & T. P. Co's Receiver v. Finnell's Adm'r, 108 Ky. 135, 55 S.W. 902, 57 L.R.A. 266; Louisville Taxicab & Transfer Co. v. Swift, 306 Ky. 618, 208 S.W.2d 944; Curtis v. Traders Nat. Bank, 314 Ky. 765, 237 S.W.2d 76, shows they are not in point. In the Poole case a wall was being razed and although he knew this, Poole attempted to go through a door in the wall and was struck by a falling brick. We held Poole voluntarily put himself in a position of peril, therefore he was guilty of contributory negligence and could not recover. In the Finnell case a young boy voluntarily put himself in a place of danger in helping to load a piano on a train and it was held he was guilty of contributory negligence. In the Swift case appellee attempted to enter a cab in the middle of a street and was struck by a passing car, and recovery was denied because he voluntarily placed himself in a position of peril. The facts in the Curtis case are so dissimilar to the instant one that it is not necessary to discuss it. It is patent these authorities are not applicable to the facts in the instant case.

The judgment is affirmed.