## MARKS v. GOLDSTEIN.

Court of Appeals of Kentucky.
March 19, 1954.

Bernard S. Goldstein and Goldstein & Poynter, Louisville, for appellant.

Robert C. Hobson and Woodward, Hobson & Fulton, Louisville, for appellee.

DUNCAN, Justice.

This action seeks damages for personal injuries sustained by appellant when a power lawn mower which he was starting for appellee cut off the second and third toes of his left foot. Judgment, pursuant to a directed verdict, was entered for appellee in the lower court.

On April 29, 1952, appellant went to appellee's home for the purpose of assisting in starting a power mower which appellee had purchased a short time previously. The mower had been purchased through appellant in order to enable appellee to secure it at wholesale price, but we do not regard that fact as of any significance, since appellant's role, both in purchasing and helping to start the machine, was a mere accommodation to appellee from which appellant received no profit. Appellant was not a dealer in machines of this type, and it does not appear that either of the parties was experienced in their operation. The mower was of a rotary type in which a sharp straight blade was rotated by a motor which was started by the use of a rope as in the case of an outboard motor.

There were no protective teeth in front of the blade.

After reaching appellee's home, appellant wound the rope around the top of the mower and placed his left foot on the top plate behind the left wheel. The first two attempts to start the motor were unsuccessful and appellant then told appellee to hold the mower while he gave a harder pull with the rope. He again placed his left foot on the top plate and pulled the rope in a third effort to start the motor. There is a conflict of evidence as to whether the motor actually started at that time or the blade was merely rotated by the pulling of the rope. In any event, the motor tilted in the air by force of the third pull and appellant's left foot was caught in the blade.

The motion for a peremptory instruction was sustained on the theory that appellant, as a volunteer, had assumed the risk incident to starting the motor and that he was guilty of contributory negligence as a matter of law. The sole question on the appeal concerns the propriety of this instruction.

Although neither of the parties was experienced in the operation of a mower such as was involved here, it was perfectly apparent to each of them that it was equipped with a sharp blade which rotated when the motor was running or the starter rope was pulled. They were both necessarily aware of the fact that close proximity to the blade was dangerous and that a person who came in contact with it while it was rotating might be injured.

■ Beginning with Cincinnati, N. O. & T. P. Ry. Co.'s Receiver v. Finnell's Adm'r, 108 Ky. 135, 55 S.W. 902, 57 A.L.R. 266, this Court has consistently recognized that a person who voluntarily undertakes the performance of a service for another, stands for the time being in the same relation as a servant and is regarded as assuming all the risks incident to the undertaking. In that case, a seventeen year old boy while assisting in loading a piano on a train was killed when the piano fell from the grasp of one of the regular employees of the company. Recovery was denied on the ground that the decedent had assumed the risk of the undertaking in which he was engaged.

In Porter v. Cornett, 306 Ky. 25, 206 S.W.2d 83, the plaintiff was voluntarily assisting the driver of a truck which had run off the road, and was injured when the truck skidded into a ditch and pinned the plaintiff against a steep bank. Recovery was there denied upon the theory that the plaintiff had assumed the risk of his injury and was guilty of contributory negligence as a matter of law.

In Jackson v. Kreeger, Ky., 242 S.W.2d 753, the plaintiff was assisting the driver of a truck, heavily loaded with lumber, by pulling the truck over the hill with his tractor. When the brakes on the truck were released, it rolled backward, pulling the tractor with it. The tractor overturned and the plaintiff was seriously injured. In that case, we approved a peremptory instruction for the defendant because the injury was the result of a risk which the plaintiff had assumed. The same principle has been applied under somewhat analogous situations in Poole v. Lutz & Schmidt, 273 Ky. 586, 117 S.W.2d 575; Morrison & Conklin Construction Co. v. Cooper, Ky., 256 S.W.2d 505; Jump v. Ashland Oil Co., Ky., 259 S.W.2d 12.

■ It is true that a knowledge and appreciation of the danger are essential in an application of the doctrine of assumed risk, and the issue of obvious danger is one for the jury if reasonable minds may differ as to the inferences and conclusions to be drawn from the evidence. Appellant's authorities, although supporting the general principle which we have stated, are not persuasive on the facts of this case. As we have indicated, it did not require expert knowledge on appellant's part to appreciate the danger of placing himself in a position near the unprotected blade of the mower.

Appellant argues that a person is never required to anticipate the negligence of another and that the injury in this case was the result of appellee's negligence in failing to hold the mower securely while ap-

pellant pulled the rope. The rule is not so broad as appellant's statement would indicate. The defenses of contributory negligence and assumed risk are not required to defeat recovery if there has been no negligence on the part of the other party. Although some authorities make the general statement that negligence of another is never to be anticipated, an examination of the cases reveals that the negligence in each instance involved some unexpected happening. Here, even if appellee was negligent in failing to hold the mower so securely as to prevent its tilting, the appellant should reasonably have anticipated that his jerk with the rope might have been stronger than appellee's grasp of the mower.

We think under the facts of this case appellant's injury was the result of a risk which he voluntarily assumed. The court properly directed a verdict for appellee.

The judgment is affirmed.