### Ersie MULLINS, Appellant,

v.

### Fred BELCHER, Appellee.

Court of Appeals of Kentucky.

May 6, 1960.

V. R. Bentley, Pikeville, for appellant.

Hinton & May, Pikeville, for appellee.

CLAY, Commissioner.

Plaintiff appellant was injured when the automobile she was driving ran into an embankment when she lost control of it going down a hill. The car was owned by defendant appellee and they were on a trip together. The trial court directed a verdict for defendant at the close of plaintiff's evidence.

The apparent cause of this accident was defective brakes. Defendant had driven part of the trip and asked plaintiff to drive. The case for and against the plaintiff appears in her testimony as follows:

"We was going down the hill some time after I had took over the car. The first that I paid any attention, I

mashed on my brake and, you know, seemed like that it never catched too well, you know, pumping up and down, your brakes up and down to try to get it a hold. Well, I done that on for several miles and I said to him, I said: 'these brakes is not holding too well', and so he said, well, he said: 'they might not be', said, 'I'll have them looked into tomorrow'. So I went on another while and I had to use them again and again I said: 'the brakes is not aholding', and I said, well, I said, 'why don't you just drive?' I said 'these brakes don't seem like they are holding too well', and he said: 'well, you're as good a driver as I am', and he said 'you can drive', and then we went on and I mentioned stopping at a garage and seeing about the brakes, and he said, no that there wasn't no garages probably would do that work on a Sunday, wasn't nobody open, * * *.

"Well, and going down this last hill, I topped up this last hill and started over and I put my foot on the brakes and went to trying to use the brake again. Well, it just didn't catch at all that time. It went plumb to the floor-board and I couldn't pump it up and down. It just went completely dead, wasn't no brake at all, and I said: 'Lord have mercy', I said, 'the brakes has plumb gone plumb bad', I said, 'they ain't no brakes at all now, the brake is plumb gone'.

"And what did he say?

"Well, he said: 'Well, I'll have the brakes fixed tomorrow'. Well, I said: 'there is no brake', and so I went to wrestling with the car and done all I could with it to straighten it out.

"Could you control the car after that?

"No, it just kept going faster and faster and getting plumb out of control, but I done all to it that I could do.

"Then what happened?

"Well, then it went into the hill and after that I don't know anything else."

From this evidence it is clearly apparent that plaintiff knew as much about the brakes as defendant did. If he was negligent in having an automobile with defective brakes, she was likewise negligent in operating it with full knowledge of its condition. Assuming defendant had prior knowledge of this defective condition, which was not proven, whether we designate it contributory negligence or assumption of risk, the plaintiff's own knowledge and conduct foreclose her right of recovery. See Porter v. Cornett, 306 Ky. 25, 206 S.W.2d 83.

The judgment is affirmed.