**Charles ROBERTSON, Appellant,**

v.

**George LAND, Appellee.**

Court of Appeals of Kentucky.

Jan. 26, 1962.

Denney & Landrum, Lexington, for appellant.

Edwin O. Davis, Louisville, Charles Wylie, Lexington, for appellee.

CLAY, Commissioner.

Plaintiff suffered severe personal injuries when he was struck from behind by a truck which he was towing with his tractor. The jury awarded him something over $7,000 damages and the defendant appeals on the sole ground that he was entitled to a directed verdict (and subsequently a judgment n. o. v. under CR 50.02).

Early on a wintry morning plaintiff with his tractor was towing defendant's disabled, large flatbed truck on a farm road. The motor on the truck would not start and the parties were attempting to maneuver it into a position where it would coast downhill. The truck was towed from the rear by a double log chain about five or six feet in length. The defendant was in the cab of the truck steering it with his foot on the brake. The plaintiff was driving the tractor forward down the hill.

The accident happened when the truck, coasting on the incline, accelerated in speed faster than the tractor; thereby overrunning it with the result that the truck bed rode up on the tractor wheel and struck the plaintiff from behind. Apparently the defendant failed to control

the movement of the truck by sufficient use of his brakes. He said he "just sat there and watched it happen".

The court instructed the jury concerning the respective duties of the plaintiff and the defendant to exercise ordinary care. Defendant, apparently conceding that his negligence was a question for the jury, contends that as a matter of law plaintiff was contributorily negligent in assuming the risk. Defendant relies principally on the cases of Porter v. Cornett, 306 Ky. 25, 206 S.W.2d 83; Jackson v. Kreeger et al., Ky., 242 S.W.2d 753; and Marks v. Goldstein, Ky., 266 S.W.2d 104. In all of those cases an accident happened as a natural result of an appreciated danger in an obviously hazardous enterprise. The risk assumed was that of an occurrence which could be reasonably anticipated. In other words, the accident grew out of an apparent risk inherent in the hazardous situation.

■ In the present case the possibility that the truck, being independently operated by the defendant, would run over the tractor was not an obvious danger or one that should necessarily have been anticipated by the plaintiff, even though the truck had once before coasted into the tractor as it was making a sharp turn. The accident was caused, not by an emergency or a danger inherent in the operation, but by the failure of defendant to maintain control of his vehicle. Such active negligence the plaintiff, as a matter of law, was not required to foresee.

■ As pointed out in Dean v. Martz, Ky., 329 S.W.2d 371, the essential element of assumption of risk is *appreciation of the danger* by the person injured. We cannot say as a matter of law the plaintiff should have appreciated this particular hazard and therefore assumed the risk of injury.

The judgment is affirmed.

STEWART, J., dissents.