Mary C. BRADSHAW, Appellant,

v.

Oscar M. BRADSHAW, Appellee.

Court of Appeals of Kentucky.

Dec. 13, 1968.

G. William Clements, J. Walter Clements, Louisville, for appellant.

Wallace A. Spalding, Jr., Louisville, G. William Brown, Louisville, for appellee.

DAVIS, Commissioner.

Mary C. Bradshaw appeals from a judgment against her based on a verdict awarding damages to Oscar M. Bradshaw for personal injuries he sustained when an extension ladder furnished to him by appellant collapsed. She presents these claims: (1) A directed verdict should have been

given for appellant, since there was no proof of any negligence on her part; (2) appellee was a volunteer in performing the work for appellant, and was thus contributorily negligent as a matter of law; (3) appellee was guilty of contributory negligence as a matter of law; (4) incompetent evidence was admitted against appellant; and (5) there was prejudicial error in the instructions.

Appellee, to whom we shall refer as Oscar, came to Louisville to help his brother, Justin, and his sister-in-law, appellant Mary, complete construction of a porch on their house. An extension ladder owned by Justin and Mary was used incident to the work. Oscar set the ladder up and ascended and descended it several times without difficulty. Mary helped in the work, and she, too, went up and down the ladder on several trips. When Mary ascended the ladder for the last time, she grasped the top portion of the extended ladder and moved it "a little bit." Shortly after that when Oscar undertook to descend the ladder, it collapsed and he was injured.

It is noted that Oscar's suit was against both Justin and Mary; a directed verdict for Justin was given, since it was shown that he had not participated in the construction work on the day of the accident; no question is raised about the propriety of a directed verdict for Justin.

Oscar presented evidence reflecting that the ladder, when extended as it was, had clamps which fastened securely around a rung of the ladder so as to make it safe. It was shown that it is necessary to lift the extension by at least $2\frac{3}{4}$ inches in order to release the clamps from the rung. It is Oscar's theory that Mary did lift the ladder sufficiently to cause a release of the clamps. It was shown that the mere release of the clamps would not necessarily cause the extension part of the ladder to collapse, but would leave it in its original position, subject to collapse if substantial weight were applied to it. It was the substantial weight of Oscar when he undertook to de-

scend the unclamped ladder which precipitated his fall, reasons Oscar.

■ As respects Mary's contention that there was a failure of proof of any negligence on her part, we think the rationale of Bell & Koch, Inc. v. Stanley, Ky., 375 S.W.2d 696, demonstrates that the contention is without merit. As noted, the evidence tended to show that the ladder was in a safe condition throughout the many trips up and down it; to alter that safe condition required release of the clamps by lifting the extension nearly three inches; Mary admitted that she had taken hold of the extension and moved it "a little bit"; before she did that, the ladder had safely borne her weight; nobody else was shown to have touched the ladder from the time Mary moved it a little bit until Oscar suffered his accident. In Bell & Koch, Inc. v. Stanley, Ky., 375 S.W.2d 696, in discussing a similar claim that there was no evidence of negligence, it was said:

"The narrow question before us is whether the nature and circumstances of the occurrence constituted substantial evidence of negligence on the part of the defendant. The answer must be in the affirmative if an inference of fault may reasonably be drawn. The facts under consideration need only warrant the inference, not compel it. See Sweeney v. Erving, 228 U.S. 233, 33 S.Ct. 416, 57 L. Ed. 815.

"Accepting plaintiff's testimony that no intervening agency caused the stacked material to fall, the existence of an unsafe condition was established. The act which created this condition is not known, but in balancing the probabilities (the normal process of evaluating evidence), the scale tilts perceptibly toward negligence as the initiating cause. Thus the evidence is of sufficient substance to support an inference of fault, thereby creating a jury issue. A directed verdict for defendant was properly denied." Id. 375 S.W.2d 697, 698.

Citing Porter v. Cornett, 306 Ky. 25, 206 S.W.2d 83, and Jackson v. Kreeger, Ky., 242 S.W.2d 753, Mary argues that Oscar was a mere volunteer and assumed the risk of negligence by his fellow servants. An examination of those decisions reflects their inapplicability to the case at bar. In each of them the hazard was obvious, and the plaintiff in each of them was fully aware of the hazardous position in which he placed himself. The much criticized "fellow-servant" doctrine was resorted to in Cincinnati, N. O. & T. P. Ry. Co.'s Receiver v. Finnell's Adm'r, 108 Ky. 135, 55 S.W. 902, 57 L.R.A. 266, as a basis for absolving the railroad. However, in the present case Mary was not a "fellow servant," but stood in the position of master inasmuch as Oscar was performing his work for her benefit. The hazard of the unclamped ladder was not an obvious risk which he voluntarily assumed.

Neither do we regard the record as supporting Mary's contention that Oscar was contributorily negligent as a matter of law. The evidence reflected that the dangerous condition of the unclamped ladder was not readily discernible when viewed from the top of the ladder. Since Oscar had been up and down the ladder many times without mishap, we think it may not be said as a matter of law that he was contributorily negligent in not discovering its changed condition.

Mary's complaint of incompetent evidence relates to the testimony of an expert who conducted certain tests of an extension ladder. She notes that the tests were not conducted under the same conditions which prevailed at the time and place of the accident. The expert was quizzed about the effect of the different circumstances and explained that the results of the experiments were not affected by such differences. Indeed, certain demonstrations with the ladder were conducted in the courtroom in circumstances not precisely like those which prevailed at the accident scene. It seems evident that the basic factors as to the ladder's construction and operation were competently related to the jury.

Mary urges that the court should have modified the contributory negligence instruction so as to impose upon Oscar the degree of care which one of his experience as a carpenter should have used. The short answer to this argument is that Mary offered no instruction along that line, nor did she object to the instructions given as respects the point under discussion. CR 51. We are not to be understood as holding that the instructions should have imposed on Oscar a higher duty than to exercise ordinary care for his own safety anyway.

The judgment is affirmed.

MONTGOMERY, C. J., and HILL, MILLIKEN, PALMORE, STEINFELD, and WILLIAMS, JJ., concur.