Michael HAVERT, Appellant,

v.

Calvin H. STEINBERG, Appellee.

Court of Appeals of Kentucky.

March 31, 1972.

Bill V. Seiller, Thomas G. Mooney, Jones, Ewen, MacKenzie & Peden, Louisville, for appellant.

Fielden Woodward, John P. Sandidge, Woodward, Hobson & Fulton, Louisville, for appellee.

PALMORE, Judge.

This is a personal injury case in which the trial court directed a verdict for the defendant, Calvin Steinberg, at the close of the plaintiff's evidence. The plaintiff, Michael Havert, appeals from the ensuing judgment of dismissal, contending that instead of a peremptory against him, he was entitled to a summary judgment in his favor. The facts are virtually undisputed and had been fully developed by pretrial depositions when the motion for summary judgment was made.

Steinberg and Havert lived in the same vicinity and worked for the General Electric Company near Louisville. It was their custom to get together on alternate Fridays with several other fellow employes for an evening of poker. On this particular occasion they met at the apartment of Chuck Cummings. Steinberg arrived a few minutes late, and in parking his car he missed the concrete retainer block at the end of the parking slot, ran the left front wheel of the car off into a small drainage ditch and was unable to back out, evidently because the surface of the parking lot was wet and his back wheels could not get enough traction. Upon joining the party he told the others of his predicament, and they all agreed to help push the car out when they got through playing cards.

The card game continued until about 1:30 A.M. during which time all five participants had a little beer to drink but not enough to impair anyone's faculties. When they undertook to get the car out of the ditch Steinberg drove and the other four pushed. Havert was at the left front, Bill Lewis at the right front, and the other two on the sides. The ditch was variously estimated as being three to seven feet wide and 18 inches to three feet deep at its center. It was made of concrete and sloped up at the sides. The parking spaces were arranged at an angle, slanting leftward, so that when Steinberg had overshot the far end of the parking space the left front wheel came to rest in the center of the ditch and the right front wheel about half way down the near slope. In order to shove the car back to the parking surface Havert positioned his feet against the far slope of the ditch and Lewis stood in the ditch itself. Though it had been raining, there is no evidence that the surface of the parking area or of the ditch itself was particularly slippery.

Steinberg's automobile had a "stick shift," the respective front-to-back positions of which were "park," "reverse," "neutral," "drive," and "low." He put the car in reverse and the other four men pushed. It was misting or raining slightly, and Steinberg had his left door open so that he could look back along the side of the car. As the movement began, all went well until about the time the left front wheel reached the level surface at the top of the near slope, when the corner of the open door came into contact with and began to scrape against the concrete retaining block Steinberg had bypassed when he originally entered the parking space. In an effort to prevent damaging the door Steinberg immediately sought to shift the gear stick to "park," but instead of shoving it forward he inadvertently pulled it back to "low," with the result that it jumped forward into the ditch again, knocking Havert and Lewis down and mashing Havert's foot against the far slope of the ditch. The foot was badly mangled.

Under these facts the trial court held Havert to have been contributorily negligent as a matter of law, largely on the authority of Porter v. Cornett, 306 Ky. 25, 206 S.W.2d 83 (1947). In overruling a motion for new trial the trial court expressed the opinion that Parker v. Redden, Ky., 421 S.W.2d 586 (1967), in which this court abolished the distinction between assumption of risk and contributory negligence, does not apply.

It is true, as argued for Steinberg, that Porter v. Cornett was not "overruled" by Parker v. Redden. However, the principles announced in Parker v. Redden necessarily require a reassessment of all prior assumption of risk cases as they arise through citation as controlling precedents. As we view it, there are significant distinctions between *Porter* and *Parker* both factually and from the standpoint of the revised viewpoints expressed in *Parker*.

The first and foremost factual difference is that the truck in *Porter* did the very thing the parties were afraid it might do, and were seeking to prevent, when it slipped back into the ditch. The driver did only that which he intended to do and the helpers expected him to do, but the truck slid back anyway. Here the driver, Steinberg, made a mistake, resulting in his driving the car forward instead of stopping it. The car did not slide or fall back on the pushers; he drove it there. Obviously this action did not come within the scope of what the parties expected.

■ The difference in legal approach between *Porter* and *Parker* is that the law under *Porter* was that if the injury results from a risk the plaintiff understands and appreciates beforehand he is contributorily negligent in chancing it, whereas the basic thesis announced in *Parker* is that even though he may fully understand the risk he is not necessarily negligent in assuming it unless his conduct in so doing is unreasonable. In fact, this approach had been followed by one line of our cases even before *Parker*. See Whittaker v. Cole, Ky., 390 S.W.2d 893, 894 (1965).

Another distinction drawn in *Parker* is between negligent acts committed by the defendant before and after the plaintiff assumes the risk, and it was in commenting on the situation of *already-committed* negligent acts that this court made the observations quoted in Steinberg's brief as being applicable to this case. They do not apply, however, because the act of Steinberg that was the proximate cause of the accident created a risk of which Havert could not have been aware in advance of assuming it.

■ It is our conclusion that the evidence not only failed to establish a case of contributory negligence as a matter of law, but that it did not even raise a submissible case on that issue. It seems to us that not one in a hundred men would have hesitated to do just what Havert did in attempting to help Steinberg get his car out of the ditch.

■ With respect to whether Steinberg was negligent, Smith v. Gillum, Ky., 253 S.W.2d 582 (1953), does not serve as a precedent because in that case the operator of the vehicle deliberately ran it toward the plaintiff, whereas in this instance Steinberg's action was inadvertent. Nevertheless, an act need not be deliberate in order to be negligent. It is probable that most acts of carelessness are inadvertent and unintended, just as Steinberg claims his act in this case was. By definition, whether such an act is negligent depends on whether it is likely that an ordinarily prudent person under similar circumstances would do the same thing.

■ It is our opinion that an ordinarily prudent person driving Steinberg's car in reverse with two men pushing it from ahead to get it up over an incline would have exercised a very high degree of care in attempting to shift gears, and that Steinberg's unexplained mistake in pulling the shift lever three positions back while meaning to shove it one position forward constituted such a clear and inexcusable departure from normality as to constitute negligence as a matter of law. In short, a verdict to the contrary would be unconscionable.

The cause is reversed with directions that a summary judgment be entered in favor of the appellant.

All concur.